PHILIP I. MAPPA INTERESTS, LTD., Plaintiff-Appellant, v. JAMES R. KENDLE *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—88—1350

Opinion filed March 30, 1990.

Pitler & Mandell, of Chicago (Barry A. Pitler and Sigi M. Offenbach, of counsel), for appellant.

Rathje, Woodward, Dyer & Burt, of Wheaton, and David J. Santori and Siemon, Larsen & Purdy, both of Chicago (Reese J. Peck and Stephen E. Smith, of counsel), for appellees.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Philip I. Mappa Interests, Ltd., appeals from the dismissal of its amended complaint against defendants James R. Kendle; Lois M. Kendle; Save Trees and Residences Today, Inc. ("START"); and Susan L. Hotz, Lura Marie Kiesa, Sandra L. Wegner-Richards, Robert L. Whipple, Robert F. Sullivan, Herbert Tenney, and Ronald Mitori, individually and as officers and directors of START. Mappa's complaint alleged intentional interference with contractual relations (count I) and tortious interference with prospective economic advantage (count II). On appeal, Mappa contends that: (1) it had alleged all the necessary elements for a valid cause of action for both intentional interference with contractual relations and tortious interference with prospective economic advantage; (2) the trial court should not have considered the defense of privilege and justification on a section 2—615 motion (Ill. Rev. Stat. 1985, ch. 110, par. 2—615); (3) alternatively, if the trial court could properly consider these defenses, it erred in not obtaining necessary facts to balance the competing interests of the parties; and (4) Mappa had a reasonable expectation that the zoning was final. For the following reasons, the judgment of the trial court is affirmed.

The pleadings set forth the following facts. In fall 1984, Mappa commenced plans to build a commercial office park on a 43-acre plus parcel of real estate, zoned for residential use and located in Du Page County (the Parcel). Over a two-year period, Mappa entered into option purchase contracts with owners of 29 of the 31 single-family residences located in the Parcel and retained various professionals to effectuate the purchase of the Parcel and the construction of the office park. In addition, Mappa sought to have the Parcel annexed to the Village of Downers Grove, to have the Parcel rezoned to permit an office park, and to have a preliminary planned development plan approved.

Following numerous studies and hearings, on November 4, 1985, the Village of Downers Grove passed ordinance number 2950, which annexed the Parcel and rezoned the Parcel to "O-R Office/Research District." In addition, the Village passed ordinance number 2951, which designated the Parcel as a business planned development. Shortly thereafter, Mappa exercised its option to purchase the 29 properties and entered into residential sales contracts with the 29 homeowners. In addition, on December 17, 1985, Mappa entered into loan agreements with American National Bank and Trust Company of Chicago (ANB&T) and Westinghouse Credit Corp. (WCC), whereby ANB&T and WCC committed to finance the purchase of the 29 properties.

On December 26, 1985, defendants James and Lois Kendle, owners of a single-family residence located on the Parcel, filed a lawsuit against the Village of Downers Grove, Mappa and the 29 homeowners. The Kendles alleged, *inter alia,* that: (1) Mappa, a developer, had proposed a business planned development which included plans for eight office buildings ranging from 5 to 15 stories and for an eight-story hotel; (2) the proposed development site is a heavily wooded area consisting of 31 single-family residences situated on lots ranging from one to six acres and that Mappa had executed options to purchase with the owners of 29 of the 31 individual properties; (3) the Parcel is surrounded by residential properties and had been zoned residential by Du Page County, but was annexed by the Village and the zoning changed to "Office/Research District, Planned Unit Development" on November 4, 1985; and (4) the proposed development would entirely surround their property, would require them to rely on private driveways as their means of access to and from their property, and would increase the rate of storm water runoff and divert the flow of runoff onto their property, causing a substantial loss of trees. The complaint requested: (1) a declaration that the ordinances of the Village annexing and changing the zoning of the Parcel are invalid and void, and (2) an injunction restraining the Village from enforcing the ordinances and restraining Mappa from proceeding with the development of the Parcel.

On January 24, 1986, Mappa filed a motion to set the trial date, alleging, *inter alia,* that the Kendles' lawsuit had created a cloud on the title to the individual properties preventing their acquisition and forestalling construction of the proposed development. The motion requested that the court set trial for the earliest convenient date due to the substantial harm which may accrue to the individual property owners, to the Village, and to Mappa by further delay. On January 28, 1986, the court entered an order, stating that the defendants had seven days to file their answer and appearance, discovery cutoff would be March 31, 1986, and trial would commence in April or May 1986.

On April 3, 1986, Mappa filed a motion for an expedited trial alleging irreparable harm due to the continuation of the lawsuit. Following a hearing on the motion, the trial court set the trial date for June 4, 1986. Thereafter, the trial date was continued twice on the Kendles' motions to June 30.

On June 25, 1986, the Kendles filed a motion for voluntary dismissal pursuant to section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009), stating that the motion was

being made prior to the beginning of trial, that no counterclaim had been filed, and that costs incurred by all defendants as shown by the official court file and clerk's records were being tendered. Following a hearing, the trial court denied the Kendles' motion for voluntary dismissal and dismissed the case with prejudice on the ground that the Kendles had refused to proceed to trial on the date assigned. Subsequently, the trial court denied the Kendles' motion for reconsideration and the Kendles appealed. The reviewing court reversed the trial court's judgment on the ground that the Kendles had met the requirements of section 2—1009. Therefore, the trial court was without discretion to deny their motion for voluntary dismissal.

During the trial court proceedings, the Kendles distributed a circular to the citizens of the Village seeking donations to fund the lawsuit. In addition, while the appeal was pending, the Kendles allegedly distributed a newsletter which stated that they were winning the lawsuit when, in fact, the lawsuit had been dismissed with prejudice and the appeal was pending.

As a result of the delay precipitated by the Kendles' lawsuit, Mappa's contracts with the 29 homeowners and Mappa's commitments from AMB&T and WCC expired. Mappa then had to renegotiate the contracts with the homeowners at higher purchase prices. As a result of these losses, Mappa filed the underlying lawsuit against the Kendles, START and the officers and directors of START from which the present appeal is taken.

Mappa's original complaint, filed November 10, 1986, alleged abuse of process (count I), tortious interference with contracts (count II) and tortious interference with a business expectancy (count III). The trial court granted defendants' motion to dismiss count I with prejudice for failure to state a cause of action and struck counts I and II, granting Mappa leave to file amended counts II and III. On January 13, 1988, Mappa filed its amended complaint alleging intentional interference with contractual relations (count I) and tortious interference with prospective economic advantage (count II). Defendants again moved to dismiss the complaint pursuant to section 2—615, alleging that Mappa had failed to state a cause of action.

Following a hearing, the trial court dismissed Mappa's complaint on the ground that because the complaint raised the issue of justification on behalf of the defendants, Mappa was required to allege actual malice, which it failed to do. Mappa's timely appeal followed.

■ Where the issue before the reviewing court is whether the trial court properly dismissed a complaint, all well-pleaded facts and all reasonable inferences that could be drawn from those facts are

construed as true and correct (*Krasinski v. United Parcel Service, Inc.* (1988), 124 Ill. 2d 483, 530 N.E.2d 468), and if they demonstrate any possibility of recovery under the theories alleged, the order dismissing the complaint will be reversed. (*Venturini v. Affatato* (1980), 84 Ill. App. 3d 547, 405 N.E.2d 1093.) Although pleadings are to be construed liberally, plaintiff remains obligated to plead facts necessary for recovery. Liberal construction cannot cure a complaint which lacks sufficient factual averments. A complaint fails to state a cause of action if it does not contain factual allegations in support of every element of the particular cause of action. *Madonna v. Giacobbe* (1989), 190 Ill. App. 3d 859, 546 N.E.2d 1145.

The torts of interference with contractual relations and interference with prospective economic advantage are closely related. (*Kurtz v. Illinois National Bank* (1989), 179 Ill. App. 3d 719, 534 N.E.2d 1007.) Both torts recognize that a person's business relationships constitute a property interest and are entitled to protection from unjustified tampering by another. (*Kurtz v. Illinois National Bank* (1989), 179 Ill. App. 3d 719, 534 N.E.2d 1007.) The elements of tortious interference with contractual relations are: (1) the existence of a valid and enforceable contract between plaintiff and another; (2) the defendant's awareness of this contractual relation; (3) the defendant's intentional and unjustified inducement of a breach of the contract; (4) a subsequent breach by the other caused by the defendant's wrongful conduct; and (5) damages. (*HPI Health Care Services, Inc. v. Mt. Vernon Hospital, Inc.* (1989), 131 Ill. 2d 145, 545 N.E.2d 672.) The elements of tortious interference with prospective economic advantage are: (1) plaintiff's reasonable expectation of entering a valid relationship; (2) defendant's purposeful interference and defeat of plaintiff's legitimate expectancy; and (3) damages. (*Kurtz v. Illinois National Bank* (1989), 179 Ill. App. 3d 719, 534 N.E.2d 1007.) If the pleadings allege that defendant acted under a qualified privilege or that defendant's acts were justified, plaintiff must allege that defendant had acted with actual malice. (*Genelco, Inc. v. Bowers* (1989), 181 Ill. App. 3d 1, 536 N.E.2d 783.) The term "actual malice" is defined as a positive desire and intention to annoy or to injure another. However, more than ill will must be shown. The evidence must establish that defendant had acted with a desire to harm which was unrelated to the interest he was presumably seeking to protect by bringing about the breach. (*Certified Mechanical Contractors, Inc. v. Wight & Co.* (1987), 162 Ill. App. 3d 391, 515 N.E.2d 1047.) Bare allegations of actual malice, unsupported by facts, are not sufficient to negate the protections of privilege or unjustified conduct. *Genelco, Inc. v. Bowers*

(1989), 181 Ill. App. 3d 1, 536 N.E.2d 783.

In the present case, the trial court found that paragraph 10 of Mappa's amended complaint affirmatively raised the issue of whether defendants' conduct was justified. Paragraph 10 states:

"10. There is a prior existing relationship between the Plaintiff and the Defendants in that since 1984 the Plaintiff sought to develop the Parcel into an office park development and that since that time, the Defendants have actively sought to maintain the Parcel and preserve its characteristics as a residential area."

Because justification had been raised in the pleadings, the trial court held that it was incumbent upon Mappa to allege actual malice on the part of defendants, which Mappa had failed to do. As a result, the trial court dismissed Mappa's complaint for failure to state a cause of action.

■■ ■ On appeal, Mappa argues that the trial court erroneously found that it had alleged justification in its complaint because justification is an affirmative defense which must be raised by defendant. Contrary to Mappa's contention, justification can be raised by either plaintiff or by defendant. (See *HPI Health Care Services, Inc. v. Mt. Vernon Hospital, Inc.* (1989), 131 Ill. 2d 145, 545 N.E.2d 672.) Courts recognize justified conduct when the defendant was acting to protect an interest which the law considers to be of equal or greater value than plaintiff's interest. (*HPI Health Care Services, Inc. v. Mt. Vernon Hospital, Inc.* (1989), 131 Ill. 2d 145, 545 N.E.2d 672.) It is well established that actions to protect rights under a contract and actions necessary to protect rights in real estate are equally necessary and equally substantial. (*Insurance Company of North America v. J.L. Hubbard Co.* (1974), 23 Ill. App. 3d 254, 318 N.E.2d 289.) In the present case, paragraph 10 of Mappa's amended complaint specifically alleges that defendants' actions were taken to protect the residential character of their property. Thus, justification appears on the face of the complaint and was properly considered on the motion to dismiss. *Zamouski v. Gerrard* (1971), 1 Ill. App. 3d 890, 275 N.E.2d 429.

■■ Mappa further argues that the trial court's determination that he had alleged justification was "premature" because defendants' "acts included illegal acts and were beyond the scope of reasonableness." The facts do not support this argument. First, the original lawsuit filed by the Kendles cannot be construed as an illegal act. (See *Lyddon v. Shaw* (1978), 56 Ill. App. 3d 815, 372 N.E.2d 685.) Efforts to seek redress through the judicial process are protected by the first amendment right to petition the government for redress of griev-

ances. (*California Motor Transport Co. v. Trucking Unlimited* (1972), 404 U.S. 508, 30 L. Ed. 2d 642, 92 S. Ct. 609; *King v. Levin* (1989), 184 Ill. App. 3d 557, 540 N.E.2d 492.) Further, aside from allegations that the Kendles had distributed a circular and a newsletter soliciting financial support for their legal action against Mappa, Mappa's complaint contains merely speculative allegations of misconduct based upon information and belief which are insufficient to withstand a motion to dismiss. (*Venturini v. Affatato* (1980), 84 Ill. App. 3d 547, 405 N.E.2d 1093.) As to the circular and newsletter, the Kendles' statement in the newsletter that they were winning the case when, in fact, the case was pending on appeal may have been an exaggeration, but it does not rise to the level of an illegal act. Accordingly, we find no factual support in the record for Mappa's contention that the trial court had acted prematurely in finding that justification had been alleged.

As previously stated, a plaintiff can state a cause of action for tortious interference with contractual relations or tortious interference with prospective economic advantage against a party whose conduct is justified as the result of a qualified privilege if the plaintiff can set forth factual allegations from which actual malice can be inferred. (*King v. Levin* (1989), 184 Ill. App. 3d 557, 540 N.E.2d 492; *Certified Mechanical Contractors, Inc. v. Wight & Co.* (1987), 162 Ill. App. 3d 391, 515 N.E.2d 1047.) However, to raise this inference, plaintiff must allege that the defendant had acted with an intent unrelated to the defense of the property interest that he was trying to protect. (*Arlington Heights National Bank v. Arlington Heights Federal Savings & Loan Association* (1967), 37 Ill. 2d 546, 229 N.E.2d 514.) In the present case, Mappa has failed to satisfy this pleading requirement. The facts indicate that every action taken by defendants was directly related to their efforts to protect their real estate property interests. Therefore, we conclude that the trial court properly dismissed Mappa's amended complaint for failure to state a cause of action predicated on Mappa's failure to sufficiently allege that defendants had acted with actual malice. This decision obviates the need to discuss the remaining issues.

For the aforementioned reasons, the judgment of the trial court is affirmed.

Affirmed.

BUCKLEY, P.J., and O'CONNOR, J., concur.