**David C. MATTER, Plaintiff,**

v.

**Dennis R. WILLIAMS, Defendant.**

**No. 93–3161.**

United States District Court, C.D. Illinois, Springfield Division.

Sept. 28, 1993.

Andrew D. Dillon, Charles G. Misko, Sandberg, Phoenix & von Gontard, St. Louis, MO, for plaintiff.

Paul Bown, Springfield, IL, for defendant.

## OPINION

RICHARD MILLS, District Judge:

This is a trifling, paltry lawsuit—totally void of serious legal grounds.

This cause is before the Court on the Defendant's motion to dismiss the Plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(1), (6), or (7) for lack of subject matter jurisdiction, for failure to join a necessary party, or

for failure to state a claim for relief, respectively.

## I. BACKGROUND

The Plaintiff, a resident of St. Louis County, Missouri, is the natural son of Nellie Williams, an Alzheimer patient who resides in a nursing home in Adams County, Illinois. Nellie Williams' husband, Ray Williams, resides in the same nursing home. Ray Williams is the stepfather of the Plaintiff and the natural father of the Defendant. The Defendant—a stepbrother of Plaintiff—is a resident of Adams County, Illinois.

In January of 1992, Nellie Williams executed a power of attorney for health care and property in favor of the Plaintiff. At the same time, Ray Williams executed a similar power of attorney in favor of the Defendant. Also, the Defendant allegedly made an agreement with the Plaintiff, on behalf of Ray Williams, that Ray Williams would pay for all of the costs of care of Nellie Williams.

However, in December of 1992 the Defendant took Nellie Williams to an attorney, where she executed a revocation of the power of attorney in favor of the Plaintiff and executed a new power of attorney for health care and property in favor of the Defendant. The Plaintiff then filed a petition for guardianship of the person of Nellie Williams in Adams County Circuit Court and requested that the circuit court declare the revocation of the prior power of attorney and the creation of the new power of attorney to be null and void by reason of the exertion of fraud and undue influence by the Defendant. Plaintiff has since been named guardian of the person of Nellie Williams, but proceedings are ongoing in state court to determine the validity of the second power of attorney executed by Nellie Williams. Also, since May of 1993, the Defendant has refused to pay the expenses of upkeep of Nellie Williams.

The Plaintiff has filed suit in this Court seeking compensatory damages for the costs of having to bring proceedings in state court to regain control of his mother's person and property. The Plaintiff also seeks $500,000 in punitive damages for the conduct of the Defendant. The Defendant has responded arguing that the complaint should be dismissed because Nellie Williams is a necessary party to the suit, and that with her named as a party there is a lack of diversity jurisdiction. Alternatively, the Defendant argues that the case should be dismissed because the complaint fails to state a claim upon which relief can be granted.

## II. LEGAL STANDARD

Fed.R.Civ.P. 12(b)(1) provides for dismissal of a cause of action for lack of subject matter jurisdiction, and Rule 12(b)(7) concerns dismissal for the failure of a plaintiff to join a person who is a necessary party to the prosecution of a lawsuit.

■■ In ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court "must accept well pleaded allegations of the complaint as true. In addition, the Court must view these allegations in the light most favorable to the plaintiff." *Gomez v. Illinois State Board of Education,* 811 F.2d 1030, 1039 (7th Cir.1987). Although a complaint is not required to contain a detailed outline of the claim's basis, it nevertheless "must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir.1984), *cert. denied,* 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985). Mere conclusions, without supporting factual allegations, are insufficient to support a claim for relief. *Cohen v. Illinois Institute of Technology,* 581 F.2d 658, 663 (7th Cir.1978), *cert. denied,* 439 U.S. 1135, 99 S.Ct. 1058, 59 L.Ed.2d 97 (1979). Dismissal is not granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

## III. ANALYSIS

### A. *Standing*

■ The Plaintiff asserts four separate counts against the Defendant for his conduct. Count I seeks penalties under the Illinois

Powers of Attorney for Health Care Law, while Counts II, III, and IV seek damages for negligence, tortious interference with a prospective contractual relation, and tortious interference with a contract, respectively. The Defendant argues that Nellie Williams is the real party in interest and must therefore be joined as a necessary party, thereby destroying complete diversity of citizenship and depriving the Court of subject matter jurisdiction.

However, from a review of the complaint, this cause of action is not brought on behalf of Nellie Williams, but rather is brought by her son to recover damages sustained by him *personally* due to the conduct of the Defendant. Consequently, Nellie Williams is not the real party in interest, as there is no interest of hers that the Plaintiff is seeking to protect. The Plaintiff is not bringing suit as the guardian of Nellie Williams. Thus, there is no basis for a dismissal of the action under Fed.R.Civ.P. 12(b)(7) or 12(b)(1).

### B. *Claims*

The Defendant argues alternatively that the complaint fails to state a legally cognizable cause of action under each of the four theories of recovery presented by the Plaintiff.

■ As to Count I, the Illinois Powers of Attorney for Health Care Law establishes civil liability for any person who willfully conceals, cancels, or alters a power of attorney for health care or its revocation without the consent of the principal. 755 ILCS 45/4–9(a). From the plain meaning of the statute, this provision was designed to prevent the execution, amendment, or revocation of a health care power of attorney without the principal's consent. Such a penalty inures to the benefit of the principal, or to the agent of the principal acting in that capacity, but not to the agent personally. This section of the statute seeks to protect the principal, and not the agent, from injury. Consequently, even assuming that the second power of attorney in this case was executed without the consent of Nellie Williams, the Plaintiff cannot sustain a cause of action in his individual capacity against the Defendant under 755 ILCS 45/4–9(a) for the conduct of the Defendant.

■ Count II of the Plaintiff's complaint alleges that the Defendant breached a duty to inform the Plaintiff of the revocation of the first power of attorney executed in favor of the Plaintiff. Presumably that duty is based on 755 ILCS 45/4–6(c) which directs that any person having notice of a revocation of a health care power of attorney shall "inform the agent of that fact as promptly as possible." This section of the statute, however, seems to have been designed to protect the principal by assuring that notice of any revocation of a health care agency be given to the agent, so that the agent may maintain an action, if necessary, to set aside the revocation. The agent is given such notice so that it can act on behalf of the principal to protect the principal's rights. Thus, assuming that the Defendant did fail to notify the Plaintiff of the revocation of the first power of attorney appointing the Plaintiff as agent for Nellie Williams' health care decisions, the Plaintiff would only be able to sustain a cause of action against the Defendant in the Plaintiff's capacity as agent for Nellie Williams and not in the Plaintiff's individual capacity. Thus, there is no valid claim as to Count II.

■ In Count III the Plaintiff seeks recovery against the Defendant for tortious interference with the Plaintiff's prospective economic advantage as guardian of the person and property of Nellie Williams. The Illinois Supreme Court has held that a plaintiff may recover for tortious interference with a prospective economic advantage only if (1) the plaintiff had a reasonable expectation of entering into a valid business relationship; (2) the defendant knew of the plaintiff's expectancy; (3) the defendant intentionally interfered with that expectancy, thereby preventing the expectancy from occurring; and (4) the plaintiff suffered damages as a result of such interference. *Fellhauer v. City of Geneva*, 142 Ill.2d 495, 511, 154 Ill.Dec. 649, 568 N.E.2d 870 (1991). To date, however, this theory of recovery has only been applied in the context of business and employment relationships. This Court has been unable to discover any Illinois cases applying the doctrine to circumstances involving powers of attorney. Consequently, despite the fact that the Plaintiff may have held a reasonable

expectation that he would continue to represent the interests of Nellie Williams, and although the Defendant may have interfered in the realization of those expectations, there is no basis under existing law for sustaining a cause of action based on those facts.

Finally, in Count IV, the Plaintiff seeks recovery for tortious interference with a contract by the Defendant. Under Illinois law, a party establishes such a tort if he can show that (1) there existed a valid and enforceable contract between the plaintiff and a third party; (2) the defendant was aware of this contract; (3) the defendant nonetheless intentionally and unjustifiably induced a breach of the contract by the third party; and (4) the plaintiff thereby suffered damages. *Philip I. Mappa Interests, Ltd. v. Kendle*, 196 Ill.App.3d 703, 708, 143 Ill.Dec. 936, 554 N.E.2d 1008 (1990). The Plaintiff claims that he had a valid contract with Ray Williams, whereby Ray Williams, the husband of Nellie Williams, promised to pay for the health care costs of Nellie Williams. The Plaintiff claims that the Defendant later caused Ray Williams to breach this contract.

However, in the factual body of the complaint, the Plaintiff alleges that the promise of Ray Williams was made through the Defendant, who then held a power of attorney on behalf of Ray Williams. As a result, any promise made was made by the Defendant; therefore, the contract of which the Plaintiff complains was a contract between the Plaintiff and the Defendant, and not a contract between the Plaintiff and a third party. Thus, the Defendant, by definition, could not have tortiously interfered with his own contract. The Plaintiff's only claim in his personal capacity against the Defendant would be for breach of contract, and the Plaintiff has not alleged such a claim.

## IV.  CONCLUSION

Under Fed.R.Civ.P. 11, a party to a lawsuit in federal court may be sanctioned for filing a pleading that is not well grounded in fact and supported by existing law or a good faith argument for the extension thereof. Based on the preceding analysis, the present complaint seems to be a perfect example of the type of conduct that Rule 11

was designed to prevent. Accordingly, the Court will assess the Defendant's costs of defending this lawsuit to the Plaintiff, including a reasonable attorney's fee.

*Ergo,* the Defendant's motion to dismiss the Plaintiff's complaint is ALLOWED, and this cause is hereby DISMISSED with prejudice, with the Plaintiff to bear all costs of suit, including attorney fees for the Defendant.

SO ORDERED.

CASE CLOSED.