(No. 14911.—Decree affirmed.)
JOHN T. FLEMING, Appellee, *vs.* MARIE O'DONOHUE, Appellant.

*Opinion filed February 21, 1923.*

1. SPECIFIC PERFORMANCE—*when formal tender of performance before suit is not necessary.* It is not necessary for one party to a contract for a warranty deed to make a formal tender of performance prior to filing a bill to enforce specific performance of the contract, where the evidence shows that the other party has abandoned the contract and declared his intention not to perform it before the date at which the first party was required, under the contract, to perform his part.

2. SAME—*what is sufficient acceptance of title.* It is a sufficient acceptance of the title for the purchaser to state in a letter that he finds "the title satisfactory," where the contract for the conveyance in regard to the examination of the title by the purchaser requires him to state "in substance that the same is satisfactory;" and it is not necessary for him to state in so many words that he will accept the title.

3. SAME—*when tender after suit is begun is sufficient.* In a suit by the purchaser for specific performance of a contract which the vendor had positively refused to carry out before the time for performance, it is sufficient to tender in open court the purchase price in legal tender and in notes and a trust deed called for by the contract; and it is not necessary to show that the purchaser was able to produce the necessary funds at any time the vendor might change her mind and decide to abide by the agreement.

APPEAL from the Circuit Court of Cook county; the Hon. GEORGE FRED RUSH, Judge, presiding.

EDWARD N. SHERBURNE, (JOHN R. MCCABE, of counsel,) for appellant.

CHAPMAN, CUTLER & PARKER, (STANLEY RICH, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellant, Marie O'Donohue, on February 16, 1920, was the owner of a residence building containing two flats on West Washington boulevard, in Chicago. She listed this property with P. M. Walsh & Co., real estate agents, for sale at $10,000. They procured John T. Fleming, a captain in the Chicago fire department, as a purchaser at the price of $9800, and a written agreement was entered into and signed by Miss O'Donohue and Fleming, dated February 16, 1920, whereby she agreed to convey to him the premises by good and sufficient warranty deed and he agreed to pay her $9800. Later she refused to comply with her contract and Fleming brought suit for specific performance. After the pleadings were settled a hearing was had before the chancellor and a decree entered requiring appellant to specifically perform the contract. From that decree this appeal has been taken.

The contract on which the decree for specific performance was entered reads, in part, as follows: "Said purchaser has paid three hundred ($300) dollars as earnest money, to be applied on such purchase when consummated, and agrees to pay within five days after the title has been examined and found good or accepted by him, said insurance premium and the further sum of fifty-two hundred ($5200) dollars at the office of P. M. Walsh & Co., Chicago, provided a good and sufficient general warranty deed conveying to said purchaser a good and merchantable title to said premises (subject as aforesaid) shall then be ready for delivery, the balance to be paid as follows: The purchaser will give back a first mortgage of forty-three hundred ($4300) dollars due on or before five years," etc. The contract further provided that an abstract of title shall be furnished by the vendor within a reasonable time, and that

the purchaser or his attorney, within ten days after receiving said abstract, shall deliver to the vendor or his agent a memorandum in writing specifying in detail the objections he makes to the title, if any, "or if none, then stating in substance that the same is satisfactory." It was further provided that time was the essence of the contract. On February 24, 1920, Miss O'Donohue sent to Walsh a letter which, omitting the formal portions, reads as follows: "Have you seen Mr. Fleming or heard from him? I absolutely refuse to proceed with the deal and depend upon you to call it off. I don't even know the buyer, haven't even seen him, and why should I be without a home in this crisis just to accommodate someone else? My sister whom we expected to go with has to sell her home as her husband is sick, and it is only partly paid for. I don't intend to go boarding feeling as I do, (with strangers,) and my sister down-stairs hasn't a place either and four children to be provided for. Now, you made the bargain. It is up to you to fix it for me while this panic is on and I'll pay all your expenses. You won't lose by it, because there is bound to be a big change by the fall." On March 10, 1920, John R. McCabe, as attorney for Miss O'Donohue, sent to Walsh a letter to the effect that he thought Walsh had acted rather hastily in ordering the abstract continued when Miss O'Donohue had notified him so promptly that she did not want to go on with the contract, and that he was directed by Miss O'Donohue to demand the return of the abstract and that Walsh should not act as Miss O'Donohue's agent; that he was sending Fleming a duplicate copy of this letter, notifying him of the situation, and that he will have to govern himself accordingly, as whatever expenses he goes to will be at his own risk. On March 17, 1920, the attorneys for appellee wrote Miss O'Donohue a letter stating that they had examined the title to the property in question and "we find said title satisfactory." On March 22 appellee by his attorney notified Miss O'Donohue that he would

appear at the office of P. M. Walsh & Co. at 7:30 P. M. on March 24, 1920, and would tender performance of the contract and require a deed to the premises as provided by the contract. It appears from the record that Fleming and his attorney appeared at the office of Walsh & Co., having with them $5500, made up of a check of the Chicago Title and Trust Company for $4672 and the balance in cash, and also bringing the trust deed and notes signed by Fleming and his wife in accordance with the terms of the contract. They told the members of the Walsh firm that they were waiting for Miss O'Donohue to close the deal, and they waited for about three-quarters of an hour. Fleming at about this time endeavored to reach Miss O'Donohue over the telephone, as did Walsh while Fleming was waiting at his office, but they both failed in reaching her and she was not present at the meeting in Walsh's office on that date. So far as shown by the record no warranty deed had been executed by her to Fleming prior to that time, nor has she or anyone for her executed such a deed since.

Counsel for appellant first argue that it was provided by the agreement that time is to be of the essence of the contract, and as no tender was made until seven days after the title was declared to be found satisfactory, appellee failed to perform the contract on his part and cannot have it enforced,—citing among other cases, *Miller* v. *Shea*, 300 Ill. 180, *Kimball* v. *Tooke*, 70 id. 553, *Phelps* v. *Illinois Central Railroad Co.* 63 id. 468, and *Murphy* v. *Lockwood*, 21 id. 611. It is not necessary for one party to a contract for a warranty deed to make a formal tender of performance prior to filing a bill to enforce the specific performance of the contract when the evidence shows that the other party has abandoned the contract and declared his intention not to perform it before the date at which the first mentioned party was required under the contract to perform his part therein. It is held that the actual tender by the plaintiff before suit is unnecessary under such circumstances. (*Scott*

v. *Beach,* 172 Ill. 273; *Cumberledge* v. *Brooks,* 235 id. 249; *Osgood* v. *Skinner,* 211 id. 229; *Cohen* v. *Segal,* 253 id. 34; *Lang* v. *Hedenberg,* 277 id. 368; *Dulin* v. *Prince,* 124 id. 76; *Lyman* v. *Gedney,* 114 id. 388; *Boston* v. *Nichols,* 47 id. 353.) On March 17 Fleming's attorney sent a letter to Miss O'Donohue stating that the title was satisfactory, and on March 22 he sent another letter to her stating that they would appear on March 24 to carry out the contract. Whether or not there was a technical delay of two days in the tender we do not find it necessary to decide, although it is clear that there was no desire on the part of appellee for delay, as the letter he sent setting a time for the meeting between the parties to carry out the contract was sent within five days after the letter which stated that the title was satisfactory. It is manifest from the facts shown in the record that Miss O'Donohue had emphatically declared her intention not to perform the contract. Her letter of February 24 to Walsh positively declared such an intention and showed her reasons therefor, and all of the testimony and documentary evidence in the record is consistent with the conclusion that very soon after entering into the written contract she became sorry she had signed it and determined not to carry it out. Some point is made in the briefs of her counsel that the testimony does not show that her intention in this regard was communicated to Fleming. It appears that the letter to Walsh of March 10 from attorney McCabe, acting for Miss O'Donohue, stated that they considered Walsh as Fleming's agent in the matter, and that letter of itself shows that they were giving notice to one they considered Fleming's agent that the contract was abandoned by Miss O'Donohue. Even if we assume that no sufficient formal tender was made which would comply with the requirements of the contract in case Miss O'Donohue had wished to carry it out, it must be held, in view of her expressed intention not to carry out the contract and her actions showing that intention, that no such formal tender

was required under the reasoning of the decisions already cited. The whole record shows that there was a genuine desire on the part of Fleming to carry out the contract and get the house. We judge from the record that his wife was an invalid and that he wished to have a residence in that particular locality on account of its proximity to the fire station at which he was located. It is clear from this record that the only reason that the contract was not fully executed as required by its terms, on the part of Fleming, was because of the obstacles placed in the way by Miss O'Donohue and her attorney.

Counsel for appellant objects to the wording of the letter with relation to the title, arguing that Fleming did not, by himself or attorney, state that he would accept the title. The contract uses the phrase, "stating in substance that the same is satisfactory," and the letter said, "we find the title satisfactory." We are of the opinion that the letter followed the contract word for word in that regard and that the notice as to the title being satisfactory was sufficient.

It appears from the record that Fleming wished a house for himself and family in that general locality, and because he could not carry out the contract he purchased on April 26, 1920, a house on VanBuren street, payment therefor being made, in part at least, from the money which he had intended to pay Miss O'Donohue for her house. On the trial of the case appellee tendered to appellant in open court the $5200 in legal tender and the notes and trust deed called for by the contract. The matter of a tender required in actions for specific performance is discussed, among other cases, in *Watson* v. *White,* 152 Ill. 364, *Smith* v. *Sheldon,* 65 id. 219, and *Fitzhugh* v. *Smith,* 62 id. 486. We are inclined to the opinion that the tender made by Fleming when he attempted to carry out the contract would have been good in case a tender had been required in the first instance, but there can be no question, under the authorities, that the tender he made at the time of the trial of this case justi-

fied the entry of a decree against Miss O'Donohue for specific performance; and even if the evidence tended to show that he was not able at all times after making this contract to produce at once the necessary money to comply with the contract at any time Miss O'Donohue might change her mind, that fact would not take away his right to prosecute his suit for specific performance.

Counsel for appellant further contend that if appellee abandoned his contract, even for a comparatively short time in trying to enforce in court his rights, that should bar a recovery on account of *laches,* and that he did so abandon it. The contract provided that it was to be carried out the latter part of February, 1920. The suit was instituted on March 7, 1921. It is obvious from the letters between the attorneys for the various parties, and other evidence shown in the record, that negotiations as to a settlement of the contract were going on from the time the contract was signed until the suit was filed, and one letter from Fleming's attorneys to Miss O'Donohue's attorney, dated July 12, 1920, states: "We have been waiting patiently for an adjustment of the Fleming and O'Donohue matter, until we believe the time has come to insist upon its consummation." This record shows conclusively, in our judgment, that appellee never abandoned the contract and was trying in every reasonable way to have it executed up to the time of instituting this suit. We cannot agree with the argument of appellant that the contract was abandoned by appellee or that appellee is barred from enforcing it by acquiescence or *laches.*

Appellee assigns cross-errors to the decree on the ground that the chancellor refused to order that he was entitled to the rents and profits of the premises, less the proper expenses for their maintenance and operation and interest on the purchase price, from the date the agreement was supposed to be executed to the date of entering the decree. Such an order might doubtless have been permissible upon

proper showing, under the reasoning of this court in *Marx
v. Oliver,* 246 Ill. 316, and *Bear* v. *Fletcher,* 252 id. 206,
but we consider that the allowance of such rents and prof-
its, less costs, expenses and interest, was largely within the
sound discretion of the chancellor, and under all the cir-
cumstances in the case we are not disposed to disturb his
finding in that regard.

The decree of the circuit court of Cook county will be
affirmed.                                    *Decree affirmed.*

---

(No. 14839.—Appellate Court reversed; superior court affirmed.)
JACOB BAUER *et al.* Appellants, *vs.* RUSETOS & CO., Appellee.

*Opinion filed February 21, 1923.*