DOUGLAS THEATER CORPORATION, Plaintiff-Appellant and Cross-Appellee, v. CHICAGO TITLE AND TRUST COMPANY, as Trustee, *et al.*, Defendants-Appellees and Cross-Appellants.

First District (5th Division)   No. 1—93—1235

Opinion filed September 23, 1994.—Rehearing denied October 19, 1994.

Hopkins & Sutter, of Chicago (Paul K. Vickrey and Patrick F. Solon, of counsel), for appellant.

Hough & Cook, of Chicago (John A. Cook and Mercedes Matias, of counsel), for appellees.

JUSTICE COUSINS delivered the opinion of the court:

After the affirmance, on appeal, of a trial court judgment awarding plaintiff, Douglas Theater, specific performance, plaintiff filed an amended petition claiming (1) equitable damages, and (2) tortious interference with prospective economic advantage. The court dismissed plaintiff's amended petition for equitable damages with prejudice and dismissed without prejudice the claim for tortious interference with prospective economic advantage. Plaintiff appeals from the order dismissing plaintiff's amended petition. Defendants, Chicago Title & Trust Company; Harold Binstein; Gold Standard Liquors, Inc.; and Chalet Internationale, Inc., cross-appeal from that portion of the order dismissing without prejudice plaintiff's claim for tortious interference with prospective economic advantage, allowing leave to refile the claim in the law division.

We affirm.

BACKGROUND

In 1987, plaintiff filed an action for specific performance to require the defendants to convey property that had been omitted from a conveyance made pursuant to the exercise of a purchase option held by plaintiff. The purchase option was part of a 1982 contract between plaintiff and American National Bank and Trust Company of Chicago (American National) to lease a parcel of land located at 750 West Wellington Avenue in Chicago, Illinois.

On August 8, 1983, the property formerly owned by American National was purchased by Harold Binstein, subject to plaintiff's lease and plaintiff's option to purchase. The title to this property was transferred to Chicago Title and Trust Company, as trustee, of trust No. 1083778, with Harold Binstein as the sole beneficiary.

When, on December 22, 1986, plaintiff exercised its purchase option, a dispute arose as to the interpretation of the lease agreement

and the premises which were the subject matter of the option. The dispute involved discrepancies between the lease and the legal description of the premises as indicated by the plat of survey of the premises that was drawn in April 2, 1982. As a result of this dispute, Chicago Title, as trustee, and Harold Binstein, as beneficiary, refused to convey two portions of the property to which plaintiff claimed entitlement. The two omitted portions were (1) the basement beneath parcel 2 as indicated in the survey of April 2, 1982, and (2) the northern half of the public alley which had been vacated by the City of Chicago at the time of closing on May 14, 1987. Plaintiff, however, proceeded with the closing on the sale of the property under a reservation of rights to its claims to the disputed basement and alley areas. On September 23, 1987, plaintiff filed a complaint for specific performance with the circuit court seeking to enforce the purchase option and require the defendants to convey the disputed property.

On December 7, 1987, the plaintiff's attorney sent a letter to defendant Binstein's attorney advising Binstein of plaintiff's plan to build a theater in the unconveyed basement portion of the premises and asserting that the inability of plaintiff to proceed on the project would result in a loss of revenue to plaintiff of at least $1,000 per week. In addition, the letter stated that the inability of the plaintiff to proceed on improvements to the unconveyed alley portion would result in similar loss of revenue. The letter also stated that such loss of revenue could potentially be a part of the measure of damages in the pending litigation between the parties. The letter added that a court may conclude that there may be some error in the plaintiff's approach and that the plaintiff was open for suggestions on how to solve the dispute.

On January 5, 1988, another letter was sent by the plaintiff's attorney to Binstein's attorney. This letter stated that, as a result of the defendants' refusal to convey the alley portion of the premises, plaintiff could not conclude a transaction with the Payne-Leavitt Group to build a theater in the alley portion of the unconveyed property. The letter further opined that the legal position being taken by Binstein, with regard to the alley portion of the unconveyed property, was not supported by the lease and that the plaintiff was preparing a comprehensive motion for summary judgment regarding the alley portion.

A third letter was sent on February 15, 1988. This letter reiterated the prospective loss resulting from the inability to accept the Payne-Leavitt offer which would be kept open until February 28, 1988.

In the interim, on January 28, 1988, plaintiff moved for partial

summary judgment with respect to the unconveyed northern half of the alley. Defendants filed a cross-motion for summary judgment. On May 15, 1988, a judgment was entered in favor of the plaintiff. The order directed defendants to convey the unconveyed alley portion of the property. After proceedings were held on the remainder of plaintiff's complaint for specific performance of the remaining unconveyed portion of the premises, judgment was entered in favor of the plaintiff. The order denied the plaintiff's request for attorney fees and costs and reserved any judgment on the issue of damages, pending any appeals. Both parties appealed the order. (See *Douglas Theater Corp. v. Chicago Title & Trust Co.* (1991), 210 Ill. App. 3d 301, 569 N.E.2d 88.) This court affirmed the trial court's award of specific performance of the unconveyed parcels to the plaintiff as well as the trial court's decision to deny the plaintiff's request for attorney fees and costs. This court also affirmed the trial court's decision to reserve judgment on the issue of equitable compensation pending the outcome of the appeals. See *Douglas Theater*, 210 Ill. App. 3d at 315.

After the appeal, the plaintiff sought an award of equitable damages by filing a petition for damages in the trial court on March 20, 1992. The damages sought were for the loss of revenues from the unconveyed parcels, the inability to build a theater on the alley portion of the premises from the time that the transaction should have closed, the inability to build a theater in the basement portion of the premises, damages resulting from decreased rental income from the Payne-Leavitt Group, damages for lost bookings relating to the northern half of the alley portion, damages relating to additional rent paid on the property from the time that the transaction should have closed, attorney fees, and punitive damages. The defendants filed a motion to strike the petition for damages on the grounds that the damages sought by Douglas were not recoverable on a specific performance claim and no relief could be granted.

On June 18, 1992, defendants' motion to strike was heard. On September 29, 1992, the trial court granted the defendants' motion to strike the various claims filed in the petition. The order granted the plaintiff leave to file an amended petition for damages. In addition, the order awarded the plaintiff $22,964.98 in equitable damages for lost rental from the Payne-Leavitt lease from the time that the transaction should have closed.

On October 27, 1992, the plaintiff filed an amended petition for damages. The amended petition for damages sought the same damages prayed for in the original petition. The amended petition also contained a claim for damages based on a theory of tortious interference with prospective economic advantage. On March 11,

1993, on defendants' second motion to strike the amended petition for damages, the trial court dismissed the amended petition. All of the plaintiff's damage theories except the claim for tortious interference with economic advantage were dismissed with prejudice. The claim for tortious interference with economic advantage was dismissed without prejudice with leave to replead a claim in the law division.

In a notice filed April 13, 1993, plaintiff appealed the March 11, 1993, order dismissing the amended petition for damages. Defendants filed a notice dated April 15, 1993, cross-appealing the March 11, 1993, order.

OPINION

I

The plaintiff's primary contention is that the trial court erred by dismissing the amended petition for damages.

■ Plaintiff first argues that it is entitled to recover incidental damages for (1) loss of a business opportunity to obtain third-party construction of a theater in the unconveyed alley portion that arose after the litigation commenced; (2) loss of a business opportunity to obtain third-party construction of a theater in the unconveyed basement area; (3) loss of rent and profits resulting from the inability to proceed on the construction of the courtyard theater from the time that the transaction should have closed; (4) similar and additional loss of revenue resulting from the inability to proceed on the theater in the basement; and (5) loss regarding a proposal on December 28, 1987, advising the plaintiff that the Payne-Leavitt Group was prepared to build a theater in the courtyard. In support of its position, the plaintiff relies upon a general rule found in section 347 of the Restatement (Second) of Contracts. This rule provides for damages as measured by:

"(a) the loss in the value to him of the other party's performance caused by its failure or deficiency, plus

(b) any other loss, including incidental or consequential loss, caused by the breach, less

(c) any cost or other loss that he has avoided by not having to perform." Restatement (Second) of Contracts § 347, at 112 (1981).

Defendants, however, respond that the plaintiff in the instant case is not entitled to such damages because plaintiff's amended claims are based upon occurrences which arose after the litigation between the parties began and that to hold defendants liable for such occurrences would be tantamount to holding them liable for

defending themselves in this lawsuit. In so arguing, defendants rely upon the following declaration by our supreme court in *Ritter v. Ritter* (1943), 381 Ill. 549, 555, 46 N.E.2d 41:

> "When a defendant breaches a lease, violates the terms of a contract, commits a tort, misrepresents goods sold, unlawfully retains the personal property of the plaintiff, or remains in possession of real estate after the expiration of his tenancy, necessitating proceedings, his conduct is wrongful and may require a suit against him by the plaintiff. Under our jurisprudence the defendant may present any defense to such an action that he may have or that he may deem expedient, and in so doing he will not be subjecting himself to a second suit by the plaintiff based on the wrongful conduct of the defendant in causing the plaintiff to sue him or in defending the action. The rule is the same even though the wrongful conduct of the defendant is willful, intentional, malicious or fraudulent."

(See also *Pacemaker Food Stores, Inc. v. Seventh Mont Corp.* (1986), 143 Ill. App. 3d 781, 787, 493 N.E.2d 390; *Photovest Corp. v. Fotomat Corp.* (7th Cir. 1979), 606 F.2d 704, 729.) Defendants posit that the lost business opportunities claimed by the plaintiff arose after the defendants became a party to this lawsuit, and defendants cannot be held liable for any loss resulting after defendants became parties.

■ It is true that, in Illinois, it is well established that when a party sues for specific performance, that party may also seek, and the equity court may award, other relief including monetary damages occasioned by the delay in the performance of the contract. (*Douglas Theater Corp. v. Chicago Title & Trust Co.* (1991), 210 Ill. App. 3d 301, 315, 569 N.E.2d 88; *Arnold v. Leahy Home Building Co.* (1981), 95 Ill. App. 3d 501, 509, 420 N.E.2d 699.) Although such compensation is often referred to by the courts as "damages," some authorities suggest that it should more properly be considered as equitable compensation in the nature of an accounting between the parties rather than legal damages, inasmuch as the court in awarding specific performance is confirming the contract and erasing the breach. (*Arnold*, 95 Ill. App. 3d at 509.) Under this view, the compensation awarded as incident to a decree for specific performance is not for breach of contract and is therefore not legal damages. *Arnold*, 95 Ill. App. 3d at 509.

■ We, however, do not find any Illinois authority to support the claims for equitable compensation which plaintiff alleges in its amended petition for damages. The lost business opportunities the plaintiff claims would have resulted in profit arose after the filing of the complaint and are distinguishable from those circumstances in

which the court has upheld an award of equitable compensation as incidental to a decree of specific performance. See *Arnold*, 95 Ill. App. 3d at 509 (damages for storage, extra housing, additional costs of mortgage financing and commuting expenses may not be the basis for recovery as incidental damages in a suit for specific performance); *Yonan v. Oak Park Federal Savings & Loan Association* (1975), 27 Ill. App. 3d 967, 977-78, 326 N.E.2d 773 (additional compensation for lost profits resulting from the loss of the use of the property as well as for rent paid for other premises may not be the basis for recovery as incidental damages in a suit for specific performance); *Fleming v. O'Donohue* (1923), 306 Ill. 595, 601-02, 138 N.E. 183 (rents and profits of the premises that should have been conveyed were not recoverable); *Baker v. Puffer* (1921), 299 Ill. 486, 490-91, 132 N.E. 429 (rent paid by a party seeking specific performance, for other premises, after the other party should have conveyed may not be a basis for recovery); compare *Bear v. Fletcher* (1911), 252 Ill. 206, 221, 96 N.E. 997 (purchaser entitled to rents and profits that the seller received during the period that the purchaser was obligated to pay interest on the purchase money because it would be inequitable to permit the seller to enjoy the use and occupancy of the land during the period that the purchaser is paying interest on the purchase money); *Marx v. Oliver* (1910), 246 Ill. 316, 327, 92 N.E. 864 (seller was entitled to recover interest on the purchase money from the day that the transaction should have closed because he was required to account for income from the property from the date that the transaction should have closed).

In view of the trial court's award of equitable compensation for the loss of the use of the unconveyed alley portion from the time that the transaction should have closed, we agree with the trial court's decision not to award other incidental relief. See *Gordon v. Bauer* (1988), 177 Ill. App. 3d 1073, 1078-84, 532 N.E.2d 855 (trial court had equitable jurisdiction to award incidental damages for the loss of benefits from a Federal "payment in kind" program as a result of the seller's nonconveyance at the time of closing even though plaintiffs voluntarily dismissed their specific performance claims).

Next, plaintiff argues that the trial court erred in dismissing that part of its amended petition which alleges incidental and consequential damages. In its brief, plaintiff states the following:

> "On the motion, plaintiff's factual allegations must be taken as true. As pleaded, the allegations support its equitable damage claims caused by defendants' wrongful breach of the agreement to convey all of the property or the exercise of the option."

Defendants respond that, even accepting the allegations of the

amended petition as true, the trial court was not obligated to award further damages. Defendants argue that the law in Illinois is that when a party sues for specific performance the court, exercising its equity jurisdiction, *may* award incidental damages, not that it must award incidental damages. (See *Arnold*, 95 Ill. App. 3d at 509.) As a result, the trial court could have awarded nothing to the plaintiff because equitable compensation is not awarded as a matter of course. They maintain that the decision to award or not award such monetary compensation, in addition to specific performance, should be affirmed absent an abuse of discretion. See *Fleming*, 306 Ill. at 601-02.

■ It is true that a motion to dismiss a complaint or petition admits, for purposes of disposition of that motion, all well-pleaded facts together with all reasonable inferences which can be drawn therefrom. (See *Pacemaker*, 143 Ill. App. 3d at 790; *Arnold*, 95 Ill. App. 3d at 506.) The court must determine if, in any event, plaintiffs would be able to amend their complaint to state a cause of action. (*Pacemaker*, 143 Ill. App. 3d at 790; *Arnold*, 95 Ill. App. 3d at 506.) Leave to amend should be granted unless it is apparent that even after amendment no cause of action can be stated. (*Pacemaker*, 143 Ill. App. 3d at 790; *Arnold*, 95 Ill. App. 3d at 506.) However, the decision to allow an amendment is a matter within the sound discretion of the trial court and, absent a manifest abuse of that discretion, its decision will not be disturbed on appeal. *Arnold*, 95 Ill. App. 3d at 506.

In *Arnold*, the court held that in a claim for specific performance, when a plaintiff alleges incidental and consequential damages which are not recoverable, a trial court may properly dismiss that portion of the complaint which alleges those damages. (*Arnold*, 95 Ill. App. 3d at 510.) In the present case, as stated above, there is no support for plaintiff's contention that it is entitled to damages which it alleged in the amended petition. As a result, we agree with the trial court that the amended petition was properly dismissed.

Next, plaintiff contends that the trial court erred in dismissing the equitable damage claims without the benefit of an evidentiary hearing. Plaintiff argues that it was entitled to an evidentiary hearing because any lost profits from (1) the proposed venture with the Payne-Leavitt Group in the form of lost value to its building, (2) the loss of the use of the proposed new theaters in the alley and the basement, (3) the lease with the Payne-Leavitt Group, and (4) lost bookings of the theater as a result of the defendants' nonconveyance of the omitted parcels at the date of the closing may be recoverable as long as a proper showing is made. Plaintiff also argues that it should be afforded an evidentiary hearing to enable it to prove dam-

ages for excess rent paid on property that was conveyed three months after the closing date. Plaintiff claims that any loss it has suffered may be recovered if proven.

Defendants, however, contend that the plaintiff's claimed damages are legal damages which are recoverable, if at all, only in an action at law. According to the court in *Arnold*:

> " 'The complainant affirms the contract as being still in force and asks that it be performed. He cannot have it both ways, performed and broken. It follows from this theory of the remedy by decree of specific performance that damages as such and as at law for breach of contract by the vendor, in not conveying the property at the time fixed by the contract, are not recoverable by the purchaser as supplementary to the decree, because inconsistent with the retrospective erasure of the breach.' " (*Arnold*, 95 Ill. App. 3d at 509, quoting 71 Am. Jur. 2d *Specific Performance* § 217, at 279 (1973).)

In the alternative, defendants argue that the plaintiff's claims seeking lost profits are too speculative to be awarded as a matter of law since they amount to collateral ventures that arose after this litigation commenced.

■ It is well established that on a motion to dismiss, the issue is whether the complaint or petition has been sufficiently pleaded as a matter of law. (See *Pacemaker*, 143 Ill. App. 3d at 790; *Arnold*, 95 Ill. App. 3d at 506.) In determining whether the complaint or petition has been sufficiently pleaded, a court may examine the pleadings to determine whether any set of facts could be proven which would entitle the plaintiff to recover. (See *Aguilar v. Safeway Insurance Co.* (1991), 221 Ill. App. 3d 1095, 1101, 582 N.E.2d 1362; *Pacemaker*, 143 Ill. App. 3d at 789.) If, after examining the pleadings, it clearly appears that no set of facts could be proven which would entitle the plaintiff to recover, a trial court may properly exercise its discretion and dismiss the pleading. *Pacemaker*, 143 Ill. App. 3d at 789; *Arnold*, 95 Ill. App. 3d at 506.

Applying the above-stated principles to the present case, we hold that the plaintiff was not entitled to an evidentiary hearing. The purpose of a motion to dismiss is to test the legal sufficiency of the pleadings. (See *Arnold*, 95 Ill. App. 3d at 506.) The decision of a trial court to allow or deny a motion to dismiss is a matter of law based on the *pleadings*, not an evidentiary hearing. (See *Arnold*, 95 Ill. App. 3d at 506.) We agree with defendants' contentions. Therefore, we cannot say that it was error to deny the plaintiff an evidentiary hearing.

## II

Plaintiff next argues that the trial court erred in dismissing that portion of the amended petition for damages which alleged a claim for tortious interference with prospective economic advantage as insufficiently pleaded. We disagree.

■ To prevail on a claim for tortious interference with prospective economic advantage, a plaintiff must prove: (1) a reasonable expectation of entering into a valid business relationship; (2) defendant's knowledge of the plaintiff's expectancy; (3) defendant's purposeful interference to defeat the expectancy; and (4) damages resulting from the interference. (*Eisenbach v. Esformes* (1991), 221 Ill. App. 3d 440, 444, 582 N.E.2d 196.) In addition, it has been long held that the defendant's interference must be directed toward a third party. (*Eisenbach*, 221 Ill. App. 3d at 444; *Willcutts v. Galesburg Clinic Association* (1990), 201 Ill. App. 3d 847, 851, 560 N.E.2d 1.) Without considering whether the plaintiff has sufficiently pleaded the other elements, it is obvious that the plaintiff has failed to allege specific actions by the defendants directed at third parties. Plaintiff alleges the following in the amended petition for damages:

> "Defendants, despite clear warnings about damages, have persisted throughout, *** in an unjustified refusal to convey the disputed property ***[ ] [w]here directly or by implication, defendant has knowledge of the adverse effect on plaintiff and that the acts of defendant will interfere with the normal business expectancies of the plaintiff ***."

As illustrated above, the plaintiff's allegations do not set forth any action by the defendants directed at third parties, but rather amount to broad, conclusory allegations against the defendants. (See *Willcutts*, 201 Ill. App. 3d at 851.) The trial court correctly determined that the plaintiff's pleading failed to conform to Illinois pleading requirements.

## III

We now turn to the arguments raised by the defendants in their cross-appeal. Defendants contend that the trial court erred in granting the plaintiff leave to file a claim for tortious interference with prospective economic advantage in the law division of the circuit court. Defendants' position is that this claim should have been dismissed with prejudice, as were the other claims in the amended petition.

■ The defendants' first argument in support of their cross-appeal is that because any claim for tortious interference with prospective economic advantage would necessarily be based on the defendants'

conduct in failing to convey the property that was the subject matter of this lawsuit, the plaintiff may not now base a different claim on the defendants' decision to defend themselves in this litigation. Defendants argue that since their persistent failure to convey all of the property, due to a dispute about the legal description of the property, was part and parcel of their defense of this suit, they may not be sued for choosing that defense. (See *Ritter*, 381 Ill. at 555.) They further insist that since plaintiff has recovered on the basis of a breach of contract action for specific performance, it may not now recover on another damage theory for conduct that was the basis of their defense in the action for specific performance. See *Pacemaker*, 143 Ill. App. 3d at 789-90.

We cannot say as a matter of law what conduct of the defendants the plaintiff may allege as a basis of the claimed tortious interference with prospective economic advantage. Moreover, the rule of *Ritter* only bars a plaintiff from recovering attorney fees and litigation expenses as part of its damage award if the plaintiff decides to base a second suit for damages on the defendant's decision to defend the first suit. (See *Ritter*, 381 Ill. at 554-56; *Photovest*, 606 F.2d at 729.) Thus, at this stage, we cannot say as a matter of law that the plaintiff cannot recover in a cause of action against the defendants for tortious interference with prospective economic advantage.

■ Defendants' second and final argument in their cross-appeal is that plaintiff should not have been allowed to replead a claim for tortious interference with prospective economic advantage because the record is "replete with indicia" that the plaintiff will not be able to plead specific facts in support of such a claim. Defendants argue that they are entitled to a constitutional privilege to obtain redress of grievances (see *Philip I. Mappa Interests, Ltd. v. Kendle* (1990), 196 Ill. App. 3d 703, 554 N.E.2d 1008) and, as a result, the plaintiff would have to allege that the defendants' actions in connection with this lawsuit were essentially a sham, which, they argue, is something that the plaintiff cannot do.

We hold that the determination of whether a plaintiff can or cannot successfully plead a cause of action for tortious interference with economic advantage is not for us to decide at this stage of the litigation. Although we affirm the trial court's decision to dismiss without prejudice the cause of action for tortious interference with economic advantage that was alleged in the amended petition for damages, we cannot say that if given the opportunity to replead, the plaintiff cannot plead specific facts which, if proved, would entitle it to relief on that claim. Since we do not know what facts the plaintiff would allege in a subsequent pleading, we cannot comment on what we have not seen.

In the present case, the trial court transferred the equitable cause of action from the chancery division to the law division. Such an action is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. As this court stated in *Kaplan v. Keith* (1978), 60 Ill. App. 3d 804, 809, 377 N.E.2d 279:

> "Since jurisdiction over the cause of action was vested generally in the circuit courts, which are organized and divided for administrative convenience, the transfer of the equitable cause of action from the chancery division to the law division does not limit the remedy available to one at law."

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

MURRAY, P.J., and McNULTY, J., concur.