FIFTH DIVISION
 May 9, 1997

No. 1-96-0458
 
DOUGLAS THEATER CORPORATION, an ) Appeal from the
Illinois Corporation, ) Circuit Court of
 ) Cook County.
 Plaintiff-Appellant, )
 )
v. )
 ) No. 95 L 11565
CHICAGO TITLE & TRUST COMPANY, )
as Trustee under Trust No. )
1083978; HAROLD BINSTEIN as )
Beneficiary of Trust No. ) The Honorable
1083978; GOLD STANDARD ) David G. Lichtenstein,
ENTERPRISES, INC., an Illinois ) Judge Presiding.
CORPORATION; and CHALET )
INTERNATIONALE, INC., an )
Illinois Corporation, )
 )
 Defendants-Appellees. )

 JUSTICE HOURIHANE delivered the opinion of the Court:
 Plaintiff, Douglas Theater Corporation (Douglas Theater),
appeals from the order of the circuit court dismissing with
prejudice its complaint for tortious interference with contract
and tortious interference with prospective economic advantage. 
For the reasons that follow, we affirm the judgment of the
circuit court.
 BACKGROUND
 This is the third time this case has visited this court. 
See Douglas Theater Corp. v. Chicago Title & Trust Co., 210 Ill.
App. 3d 301, 569 N.E.2d 88 (1991) (hereafter Douglas Theater I);
Douglas Theater Corp. v. Chicago Title & Trust Co., 266 Ill. App.
3d 1037, 641 N.E.2d 584 (1994) (hereafter Douglas Theater II). 
The dispute involves real property located at Wellington Avenue
and Clark Street in Chicago. Title to the property was
previously held by American National Bank (ANB), as trustee. In
1978, ANB leased a portion of the property to defendant Gold
Standard Enterprises, Inc. (Gold Standard), a company owned by
defendant Harold Binstein (Binstein). In 1982, ANB leased the
adjoining portion of the property to Douglas Theater. Douglas
Theater's lease included a purchase option as to certain of the
property. 
 In 1983, Binstein acquired the entire property and placed
title in defendant Chicago Title & Trust Company (Chicago Title),
as trustee, with Binstein as the sole trust beneficiary. 
Binstein's purchase was subject to the Douglas Theater and Gold
Standard leases, which ANB assigned to Chicago Title. 
 In 1986, Douglas Theater exercised its purchase option. A
dispute subsequently arose as to whether Douglas Theater's option
included the theater basement and a vacated alley and resulted in
Douglas Theater initiating the instant litigation. The trial
court entered judgment for plaintiff as to its claim for specific
performance, ordering Binstein and Chicago Title to convey the
disputed property, and reserved judgment on the issue of
equitable compensation, pending outcome of the appeals. In
Douglas Theater I we affirmed the decision of the circuit court. 
 Upon consideration of Douglas Theater's claim for equitable
compensation, the circuit court entered judgment in favor of
Douglas Theater and against Binstein in the approximate amount of
$23,000 for lost rental income. With the exception of
plaintiff's claim for tortious interference with economic
advantage, all of plaintiff's other claims for damages were
dismissed with prejudice. As to plaintiff's tortious
interference claim, the court dismissed this cause of action
without prejudice with leave to replead in the law division. In
Douglas Theater II we affirmed this decision of the circuit
court.
 Douglas Theater thereafter filed its Amended Complaint at
Law, seeking damages for tortious interference with prospective
economic advantage and tortious interference with contract. 
Defendants moved to dismiss pursuant to sections 2-615 and 2-619
of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 5/2-619
(West 1994)), asserting that the Amended Complaint fails to state
a cause of action under either theory, that a new claim for
tortious interference with contract was added without leave of
court, and that plaintiff's claims are barred by the applicable
statute of limitations and the circuit court's prior order of
dismissal. The circuit court granted defendants' motion to
dismiss with prejudice, and subsequently denied Douglas Theater's
Motion to Reconsider and for Leave to File a First Amendment to
Amended Complaint at Law. This appeal followed. 155 Ill. 2d R.
303. 
 ANALYSIS
 The circuit court's order of dismissal states only that
plaintiff's amended complaint is dismissed "[f]or the reasons
stated by defendants in movants' motion papers". We note also
that the proceedings were not transcribed. Where the trial court
does not specify the grounds on which it relied in granting a
motion to dismiss, this court will presume it was upon one of the
grounds properly presented. Zielinski v. Chris W. Knapp & Son,
Inc., 277 Ill. App. 3d 735, 739, 660 N.E.2d 1289 (1995). This
court may also affirm the decision of the trial court on any
basis called for by the record. Esposito v. Dior Builders, 274
Ill. App. 3d 338, 345, 653 N.E.2d 921 (1995). Thus, we first
consider defendant's arguments under section 2-615 of the Code.
 Dismissal of a cause of action pursuant to section 2-615 is
appropriate only where it clearly appears that no set of facts
can be proved under the pleadings which will entitle plaintiff to
recovery. Heritage Pullman Bank & Trust Co. v. Carr, 283 Ill.
App. 3d 472, 476, 627 N.E.2d 160 (1996). In ruling on such a
motion, the court must take as true all well-pled facts of the
complaint and draw all reasonable inferences therefrom in favor
of plaintiff. Beck v. Budget Rent-A-Car, 283 Ill. App. 3d 541,
543, 669 N.E.2d 1335 (1996). Because the question of whether a
complaint states a valid cause of action is a question of law,
review of a dismissal pursuant to a section 2-615 motion is de
novo. Beck, 238 Ill. App. 3d at 543-44.
 Plaintiff asserts that its amended complaint at law
adequately sets forth the following causes of action: tortious
interference with contract against defendant Binstein (count I);
tortious interference with contract against defendant Gold
Standard on a respondeat superior basis (count II); and tortious
interference with prospective economic advantage against
defendants Binstein and Chicago Title (count III).
 To succeed on a claim for tortious interference with
contractual rights, plaintiff must plead and prove the following
elements: the existence of a valid and enforceable contract
between the plaintiff and another; the defendant's awareness of
this contractual relation; the defendant's intentional and
unjustified inducement of a breach of the contract; a subsequent
breach by the other, caused by the defendant's wrongful conduct;
and damages. HPI Health Care v. Mt. Vernon Hospital, 131 Ill. 2d
145, 154-55, 545 N.E.2d 672 (1989). 
 Plaintiff argues on appeal that count I of the amended
complaint adequately states such a cause of action in that
plaintiff alleges, inter alia, that Binstein, as sole beneficiary
of the trust, instructed Chicago Title to refuse to convey the
entirety of the option property, thereby placing ANB in breach of
its contractual lease obligations to Douglas Theater. 
 Defendants respond that count I is insufficient in that
Binstein, who was a party to the lease, could not have tortiously
interfered with his own contract; that plaintiff has failed to
allege any actions by Binstein directed toward a third party, a
necessary element in an action for tortious interference; and
that plaintiff's claim is really one for contract damages which
has been fully litigated pursuant to plaintiff's claim for
specific performance. We agree.
 It is settled law that a party cannot tortiously interfere
with his own contract; the tortfeasor must be a third party to
the contractual relationship. Quist v. Board of Trustees, 258
Ill. App. 3d 814, 821, 629 N.E.2d 807 (1994); IK Corp. v. One
Financial Place Partnership, 200 Ill. App. 3d 802, 819, 558
N.E.2d 161 (1990). Accordingly, Binstein cannot be liable for
tortious intereference with the Douglas Theater lease if he was a
party thereto.
 Preliminarily, we observe that the same lease with which
plaintiff now claims Binstein tortiously interfered is the same
lease involved in plaintiff's successful claim for specific
performance in Douglas Theater I. Significantly, plaintiff's
claim for specific performance against Binstein implicitly
recognized that Binstein became a party to the lease when he took
the property subject to Douglas Theater's rights. Binstein was,
in fact, the only party (along with Chicago Title, as trustee) to
whom plaintiff could look for performance of the lease
obligations. Thus, because Binstein was a party to the Douglas
Theater lease, no claim against Binstein for tortious
interference with that contract will lie.
 Relying on Blivas & Page, Inc. v. Klein, 5 Ill. App. 3d 280,
282 N.E.2d 210 (1972) and Regan v. Garfield Ridge Trust & Savings
Bank, 220 Ill. App. 3d 1078, 581 N.E.2d 759 (1991), both second
district cases, plaintiff contends that because Binstein was not
an "original" party to the Douglas Theater lease, he may be held
liable for tortious interference with that contract. In Blivas &
Page, defendant Klein orally agreed with plaintiffs to hire their
architectural firm if Klein was named sponsor of a building
project. The project was ultimately approved with defendants
Klein and Kay as sponsors, but Klein rejected plaintiffs as
architects. A jury entered a verdict against defendants for
breach of the oral agreement by Klein, wrongful inducement of
that breach by Kay, and conspiracy between Kay and Klein to
accomplish those aims. 
 On appeal, Kay argued that when he became Klein's partner,
he became a party to the contract with plaintiffs and could not
commit the tort of inducing the breach thereof. This argument
was rejected because Kay was not an original party to the
contract between Klein and the architects. However, as the
Blivas & Page opinion also notes, Kay's argument lacked merit for
the further reason that Kay admitted in his answer to the
complaint that he had no interest in the contract. Thus, the
court was not convinced that a third party may, with impunity,
become a partner with a party to a contract and then induce the
party to break the contract. Plainly, Blivas & Page does not
address the situation present here.
 In the more than 20 years since Blivas & Page was decided,
only the Regan case has recognized the distinction, briefly set
forth in Blivas & Page, between an "original" and a "subsequent"
party to a contract as a basis for determining whether a cause of
action for tortious interference with contract will lie. In
Regan, a jury found defendant liable for tortious interference
with a real estate contract between plaintiff developers and a
land trust which held title to the property. Defendant had
extensive contact with plaintiff, purportedly acting on behalf of
the land trust beneficiaries, defendant's children. Defendant
eventually secured assignments of his children's beneficial
interest in the trust and immediately repudiated the real estate
contract. On appeal, the trial court's finding of tortious
interference was affirmed. 
 The Regan decision notes that, under ordinary circumstances,
Blivas & Page should not be applied to subject an assignee of a
contract to tort liability for a subsequent breach. However,
the Regan court went on to carve out an exception to this general
rule where the third party procures the assignment with the
express purpose of causing the breach. Since the defendant
repudiated the contract almost immediately after taking
assignment, the court concluded that tort liability was
appropriate.
 We agree with the Regan decision to the extent that the
assignee of a contract should not be subjected to tort liability
for a subsequent breach of the assigned contract. However, we
are reluctant to recognize any exception to this rule, even where
the assignment is procured for the express purpose of breaching
the contract. Such exception is inconsistent with the law
governing tortious interference with contract claims which
requires that the tortfeasor be a third party to the contractual
relationship. Quist, 258 Ill. App. 3d at 821; IK Corp., 200 Ill.
App. 3d at 818-19. Accordingly, we decline to adopt the
rationale set out in the Regan decision.
 Even if Regan represents a correct statement of the law, its
narrowly drawn exception to the rule that a party cannot
interfere with its own contract is not applicable to the facts
alleged here. Plaintiff has alleged, and it is undisputed, that
Binstein acquired the property in 1983. It was not until three
years later that a dispute arose concerning the option property. 
Further, there is no allegation that Binstein repudiated the
agreement. Rather, Binstein caused all but the disputed basement
and alley to be conveyed to plaintiff. Thus, plaintiff's claim
against Binstein does not fit within the narrow framework of the
Regan decision.
 We also decline plaintiff's invitation to apply, by analogy,
the rule cited in Swager v. Couri, 77 Ill. 2d 173, 190, 395
N.E.2d 921 (1979) that a corporate officer's inducement of his
corporation's breach of contract may be tortious where the
officer acted with malice. We believe the relationship between a
corporation and its officers is sufficiently dissimilar from the
relationship between a land trust and its sole beneficiary to
persuade us that no extension of the rule to cover the facts
alleged here is warranted.
 Plaintiff's claim for tortious interference with contract
cannot be maintained for the further reason that it relies upon
the allegation that ANB was placed in breach of its obligations
under the Douglas Theater lease by virtue of Binstein's conduct. 
Only well-pled allegations of the complaint must be taken as
true, and this court need not draw unwarranted or unreasonable
inferences in order to sustain a pleading. Fahey v. State &
Madison Property Ass'n, 200 Ill. App. 3d 437, 440, 558 N.E.2d 192
(1990). Plaintiff alleged that upon Binstein's acquisition of
the property, title was placed in Chicago Title, as trustee, and
ANB assigned the lease to Chicago Title. Thus, ANB was not in a
position to perform under the lease option and could not breach
the agreement nor, as plaintiff states, could ANB be "placed in
breach." 
 Significantly, the lease upon which plaintiff relied in its
earlier successful action for specific performance provides that
upon transfer of title, ANB or any subsequent grantor "shall be
automatically freed and relieved *** of all liability as respects
the performance of any covenants or obligations on the part of
Lessor contained in this Lease thereafter to be performed ***." 
Accordingly, plaintiff's allegation that ANB was in breach is
belied by the very document on which plaintiff's claims are
based.
 Even assuming, arguendo, that plaintiff could plead facts
which adequately set forth a cause of action for tortious
interference with contract based on Binstein's breach of the
lease, plaintiff has already elected its remedy of specific
performance. Election of one remedy constitutes abandonment of
the other. SJS Investments, Ltd. v. 450 East Partnership, 232
Ill. App. 3d 429, 432, 597 N.E.2d 1213 (1992). While a plaintiff
may pursue a remedy at law for damages and alternatively seek
specific performance of the contract, plaintiff cannot have it
both ways. Plaintiff cannot affirm the contract, obtain specific
performance and, in essence, erase the breach, yet also seek
damages at law for breach of contract. Such damages are
inconsistent with the retrospective erasure of the breach. 
Arnold v. Leahy Home Building. Co., 95 Ill. App. 3d 501, 509, 420
N.E.2d 699 (1981), quoting 71 Am. Jur. 2d Specific Performance 
217, at 279 (1973). See also SJS Investments, Ltd., 232 Ill.
App. 3d 429 (remedy based on affirmance of real estate contract
is inconsistent with remedy arising from the same facts and based
on disaffirmance of contract); Cala v. Gerami, 137 Ill. App. 3d
936, 484 N.E.2d 1199 (1985) (vendor may not pursue inconsistent
remedies by declaring contract forfeiture and then suing on the
contract); Bruno Benedetti & Sons, Inc. v. O'Malley, 124 Ill.
App. 3d 500, 464 N.E.2d 292 (1984) (vendor's declaration of
forfeiture under the contract barred vendor's action for contract
damages).
 Plaintiff's tortious interference with contract claim is
predicated on the same breach of contract giving rise to
plaintiff's claim for specific performance. The circuit court's
grant of specific performance and its subsequent award of
equitable compensation incidental thereto have both been affirmed
by this court. Douglas Theater I and II. Any further award of
damages at law to plaintiff based on Binstein's breach of the
lease would constitute a double recovery. See SJS Investments,
Ltd., 232 Ill. App. 3d 429 (plaintiff who elected return of
earnest money under real estate contract could not also obtain
specific performance because it would have constituted double
recovery); Rotogravure Service, Inc. v. R.W. Borrowdale Co., 77
Ill. App. 3d 518, 395 N.E.2d 1143 (1979) (where specific
performance was previously found unenforceable, there was no
threat of double recovery by virtue of plaintiff's claim for
legal damages).
 Because plaintiff cannot maintain a claim for tortious
interference with contract against Binstein, plaintiff's claim in
count II against Gold Standard for the same tort on a respondeat
superior theory necessarily fails. Kirk v. Michael Reese
Hospital and Medical Center, 117 Ill. 2d 507, 532-33, 513 N.E.2d
387 (1987).
 As to count III, plaintiff relies on the same conduct--
defendants' failure to convey the option property--to support its
claim for tortious interference with prospective economic
advantage. The elements of this tort are:
 "(1) a reasonable expectation of entering into a
 valid business relationship; (2) defendant's
 knowledge of the plaintiff's expectancy; (3)
 defendant's purposeful interference to defeat the
 expectancy; and (4) damages." Douglas Theater II,
 266 Ill. App. 3d at 1047.
In addition, defendant's interference must be directed toward a
third party. Douglas Theater II, 266 Ill. App. 3d at 1047; IK
Corp., 200 Ill. App. 3d at 819.
 Plaintiff has failed to allege any conduct by Binstein and
Chicago Title directed at third parties. Significantly, this was
the very basis on which this court, in Douglas Theater II,
affirmed dismissal of plaintiff's prior claim for tortious
interference with economic advantage:
 "Without considering whether plaintiff has
 sufficiently pleaded the other elements, it is
 obvious that the plaintiff has failed to allege
 specific actions by the defendants directed at
 third parties. *** [P]laintiff's allegations ***
 amount to broad, conclusory allegations against
 the defendants." Douglas Theater II, 266 Ill.
 App. 3d at 1047. 
 Plaintiff nonetheless asserts that where a defendant
breaches a contract with plaintiff and prevents plaintiff from
proceeding with another contract with a third person, a claim for
tortious interference with contract will lie. Plaintiff cites to
Scholwin v. Johnson, 147 Ill. App. 3d 598, 498 N.E.2d 249 (1986),
Miller v. St. Charles Condominium Ass'n, 141 Ill. App. 3d 834,
491 N.E.2d 125 (1986), and various federal cases as support for
this theory.
 Scholwin and Miller both involve claims for tortious
interference with contract, not prospective economic advantage. 
Of the federal case law cited by plaintiff, only North Broadway
Motors, Inc. v. Fiat Motors of North America, Inc., 622 F.Supp.
466 (N.D. Ill. 1984) involves a claim for tortious interference
with prospective economic advantage. A review of this case does
not persuade us that the rule set forth in Douglas Theater II
should be relaxed or abandoned. We agree with defendants that
the requirement of action toward third parties prevents every
breach of contract from becoming a tort claim for expectancies
lost as a result of the breach. Thus, we decline to consider an
expansion of this tort to cover the situation present here. 
 Plaintiff's claim, in any event, fails under the election of
remedies doctrine previously discussed. Plaintiff's claim for
tortious interference with prospective economic advantage is
based on the same conduct as its claim for specific performance--
Binstein's breach of the lease through his failure to convey the
option property. As already stated, such damages are
inconsistent with the retrospective erasure of the breach. See
Arnold v. Leahy Home Building Co., 95 Ill. App. 3d at 509.
 Finally, we have reviewed the allegations of plaintiff's
proposed First Amendment to Amended Complaint at Law and conclude
that such amendment would have been subject to dismissal on the
same bases discussed above. Accordingly, the circuit court
committed no error by refusing to permit further amendment of the
complaint. Douglas Theater II, 226 Ill. App. 3d at 1045.
 For the foregoing reasons, the decision of the circuit court
dismissing plaintiff's complaint with prejudice is affirmed.
 AFFIRMED.