LATRICIA MILLS, as Special Adm'r of the Estate of Malcolm James, Deceased, Plaintiff-Appellant, v. THE COUNTY OF COOK, d/b/a Cook County Hospital, Defendant-Appellee.

First District (6th Division)    No. 1—01—4091

Opinion filed March 28, 2003.

Kathleen T. Zellner & Associates, of Naperville (Kathleen T. Zellner and Douglas H. Johnson, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Patrick A. Driscoll, Jr., Thomas Burnham, Paul Tsukuno, and Mary Margaret Burke, Assistant State's Attorneys, of counsel), for appellee.

PRESIDING JUSTICE O'BRIEN delivered the opinion of the court:

Plaintiff, Latricia Mills, as special administrator of the estate of Malcolm James, appeals the order of the circuit court dismissing her negligence complaint against defendant County of Cook. On appeal, plaintiff argues that the trial court erred in finding that section 6—106(a) of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/6—106(a) (West 2000)) immunizes defendant from liability. We reverse and remand.

On November 11, 1996, plaintiff brought her son, five-month-old Malcolm James, to defendant's hospital because Malcolm had a cold and was coughing and wheezing. Defendant's emergency room physician, Doctor Isong, examined Malcolm and determined that he had some upper airway congestion "in keeping with" an upper respiratory infection. Doctor Isong made a differential diagnosis of pneumonia, meaning that she considered pneumonia to be a possible contributing cause of Malcolm's ailments. Doctor Isong ordered a chest X ray, CBC and blood culture, and nebulizer treatments for the wheezing. The nebulizer treatments consisted of albuterol, a bronchodilator, delivered

with oxygen through a mask. Malcolm was also given saline drops in his nose to loosen secretions so his nose could be suctioned.

After the treatments were administered, Doctor Isong determined that Malcolm's condition had improved and she discharged him from the hospital. Upon discharge, Doctor Isong wrote prescriptions for a bronchodilator, Tylenol, and an oral antibiotic. Malcolm died a few hours after his discharge.

During his deposition testimony, plaintiff's expert, Doctor Eugene Saltzberg, agreed that "the failure on the part of the physicians at Cook County Hospital to fully treat Malcolm James' pneumonia was the proximate cause of his death." Specifically, Doctor Saltzberg testified that the nebulizer treatment prescribed by Doctor Isong was only a partial treatment of Malcolm's condition and did not fully comply with the standard of care. Doctor Saltzberg testified that the proper treatment would have been to admit Malcolm to the hospital while "providing him with ongoing respiratory support as he needed it and to provide him [with] parenteral (intravenous) antibiotics."

Plaintiff filed her complaint alleging that defendant's negligent treatment proximately caused Malcolm's death. The trial court dismissed plaintiff's complaint pursuant to section 2—619 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2—619 (West 2000)), finding that section 6—106(a) of the Tort Immunity Act immunizes defendant from liability. Plaintiff filed this timely appeal.

■ Section 2—619 of the Code provides a means for the disposition of issues of law and easily proved issues of fact. *People ex rel. Devine v. Time Consumer Marketing, Inc.*, 336 Ill. App. 3d 74, 78, 782 N.E.2d 761, 764 (2002). A section 2—619 motion admits the legal sufficiency of the complaint but raises some affirmative matter, appearing on the face of the complaint or established by external submissions, that defeats the plaintiff's claim. *Time Consumer Marketing*, 336 Ill. App. 3d at 78, 782 N.E.2d at 764. On review of an order granting dismissal pursuant to section 2—619, we must determine whether a genuine issue of material fact existed that should have precluded dismissal and, if not, whether the dismissal was proper as a matter of law. *Time Consumer Marketing*, 336 Ill. App. 3d at 78, 782 N.E.2d at 764.

■ This case involves the interplay between sections 6—105 and 6—106 of the Tort Immunity Act. Section 6—105 states:

"Neither a local public entity nor a public employee acting within the scope of his employment is liable for injury caused by the failure to make a physical or mental examination, or to make an adequate physical or mental examination of any person for the purpose of determining whether such person has a disease or physical or mental condition that would constitute a hazard to the health or safety of himself or others." 745 ILCS 10/6—105 (West 2000).

Section 6—106(a) states:

"Neither a local public entity nor a public employee acting within the scope of his employment is liable for injury resulting from diagnosing or failing to diagnose that a person is afflicted with mental or physical illness or addiction or from failing to prescribe for mental or physical illness or addiction." 745 ILCS 10/6—106(a) (West 2000).

Section 6—106(c) states:

"Nothing in this section exonerates a public employee who has undertaken to prescribe for mental or physical illness or addiction from liability for injury proximately caused by his negligence or by his wrongful act in so prescribing or exonerates a local public entity whose employee, while acting in the scope of his employment, so causes such an injury." 745 ILCS 10/6—106(c) (West 2000).

Section 6—106(d) states:

"Nothing in this section exonerates a public employee from liability for injury proximately caused by his negligent or wrongful act or omission in administering any treatment prescribed for mental or physical illness or addiction or exonerates a local public entity whose employee, while acting in the scope of his employment, so causes such an injury." 745 ILCS 10/6—106(d) (West 2000).

Thus, governmental medical personnel are immunized if they fail to make an adequate examination (745 ILCS 10/6—105 (West 2000)), fail to make a diagnosis (745 ILCS 10/6—106(a) (West 2000)), or fail to prescribe treatment (745 ILCS 10/6—106(a) (West 2000)). Governmental medical personnel are afforded no immunity for negligently or wrongfully prescribing treatment (745 ILCS 10/6—106(c) (West 2000)) or for any negligence, wrongful act, or omission in administering the prescribed treatment (745 ILCS 10/6—106(d) (West 2000)).

■ Defendant first argues that Doctor Isong never diagnosed Malcolm with pneumonia and, thus, that the dismissal of plaintiff's complaint was proper under section 6—105, which immunizes defendant for failing to make an adequate examination, and section 6—106(a), which immunizes defendant for failing to diagnose an illness or addiction. Plaintiff counters that Doctor Isong examined Malcolm and correctly diagnosed him with pneumonia and, thus, that the immunities afforded defendant under sections 6—105 and 6—106(a) are inapplicable here. Plaintiff contends that this case involves negligent treatment, for which defendant is afforded no immunity.

The record reveals that Doctor Isong examined Malcolm at defendant's hospital on November 11, 1996. In her deposition testimony, Doctor Isong first stated that after examining Malcolm, she ruled out pneumonia; however, Doctor Isong subsequently admitted

during her deposition that in fact she had made a differential diagnosis of pneumonia. Treatment was rendered pursuant to the differential diagnosis. Further, both Nurse Carolyn Bobbett, who helped treat Malcolm at defendant's hospital on November 11, 1996, and plaintiff's expert, Doctor Saltzberg, testified in their respective depositions that they examined Malcolm's medical chart and determined that Doctor Isong diagnosed Malcolm with pneumonia. Accordingly, as an adequate examination and a proper diagnosis was made, the immunities afforded under sections 6—105 and 6—106(a) are inapplicable here.

Defendant argues that *Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493 (2000), and *Mabry v. County of Cook*, 315 Ill. App. 3d 42 (2000), compel affirmance of the trial court's dismissal order. *Michigan Avenue National Bank* and *Mabry* are inapposite, as both cases involved a clear failure on the part of the doctors to correctly examine and diagnose their patients' medical conditions and, thus, the courts held in those cases that section 6—105 and section 6—106(a) immunity applied. *Michigan Avenue National Bank*, 191 Ill. 2d at 512; *Mabry*, 315 Ill. App. 3d at 53. Unlike in *Michigan Avenue National Bank* and *Mabry*, dismissal is precluded here because Doctor Isong correctly examined and diagnosed her patient Malcolm's condition.

Next, defendant argues that plaintiff's allegations of negligence involve Doctor Isong's failure to prescribe antibiotics and respiratory monitors and, thus, that dismissal was appropriate because section 6—106(a) specifically immunizes defendant for "failing to *prescribe* for mental or physical illness or addiction." (Emphasis added.) 745 ILCS 10/6—106(a) (West 2000).

We disagree. This is not a case where the doctor failed to prescribe treatment for her patient. As discussed, Doctor Isong prescribed treatment for Malcolm, specifically, nebulizer treatment consisting of albuterol, a bronchodilator, delivered with oxygen through a mask. Rather, this is a case where the plaintiff alleges that the treatment prescribed was inadequate, *i.e.*, that Doctor Isong was negligent in her treatment for omitting the necessary antibiotics and respiratory monitors that would have saved Malcolm's life. The Tort Immunity Act does not immunize defendant for the negligent treatment of a patient. See 745 ILCS 10/6—106(c) (West 2000) (once treatment is prescribed, defendant is afforded no immunity for "injury proximately caused by [the doctor's] negligence or by his wrongful act in so prescribing"); 745 ILCS 10/6—106(d) (West 2000) (defendant is afforded no immunity for the "negligent or wrongful act or omission in administering any treatment prescribed"). See also *American National Bank & Trust Co. of Chicago v. County of Cook*, 327 Ill. App. 3d 212, 218 (2001) (holding

that defendant is not immune for any negligent treatment). Accordingly, the trial court erred in dismissing plaintiff's complaint.

Next, plaintiff argues that the trial court erred in denying her motion to amend her complaint to allege that defendant's negligent prescription of oral antibiotics as treatment of Malcolm's condition proximately caused his death. The trial court should grant leave to amend a complaint unless it is apparent that even after amendment no cause of action can be stated. *Douglas Theater Corp. v. Chicago Title & Trust Co.*, 266 Ill. App. 3d 1037, 1045 (1994). Here, plaintiff's amended complaint, alleging negligent treatment on the part of defendant, states a cause of action. (See our discussion above.) Accordingly, the trial court erred in denying plaintiff's motion to amend her complaint. On remand, the trial court is directed to allow plaintiff to file her amended complaint.

For the foregoing reasons, we reverse the order of the circuit court dismissing plaintiff's complaint and denying her leave to amend, and remand for further proceedings.

Reversed and remanded.

GALLAGHER and O'MARA FROSSARD, JJ., concur.