NORA FAHEY, Plaintiff-Appellant, v. STATE AND MADISON PROPERTY
ASSOCIATION, Defendant-Appellee.

First District (6th Division)   No. 1—89—2717

Opinion filed June 15, 1990.—Rehearing denied July 24, 1990.

Ialongo & Meyer, of Chicago, for appellant.

Matyas & Norris, of Chicago, for appellee.

JUSTICE RAKOWSKI delivered the opinion of the court:

The subject of this appeal is an order entered by the circuit court of Cook County dismissing plaintiff's second amended complaint. The issue on appeal is whether the complaint stated a recognized cause of action under Illinois law.

On April 1, 1985, plaintiff was a patron of a restaurant in a building owned by the State & Madison Property Association which was located at Seven West Madison Street in Chicago. Plaintiff went to a washroom in the building and fell on some steps that were inside the washroom.

On October 30, 1985, plaintiff filed a complaint against the building owners, alleging that they were "careless and negligent in one or more of the following respects:

(a) Carelessly and negligently failed to provide handrails for steps located in said washroom.

(b) Carelessly and negligently failed to maintain paint upon the stairs in the washroom which would distinguish the stairway from the rest of the floor.

(c) Carelessly and negligently failed to provide personnel in said washroom to protect patrons in the washroom from the dangerous conditions existing there.

(d) Carelessly and negligently failed to provide warning signs to advise persons lawfully upon the premises of the dangerous conditions existing."

The plaintiff further alleged that defendant's negligence was the cause of her fall and subsequent injuries. On January 14, 1986, plaintiff obtained leave of court and amended her complaint. In her amended complaint, plaintiff alleged that defendant breached a duty to provide handrails pursuant to the Chicago Municipal Code section 10.3 (1984) as opposed to a common law duty which was alleged in her initial complaint. On February 18, 1986, defendant filed a motion to dismiss plaintiff's amended complaint pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619). Briefs were submitted by the parties in support and opposition to the motion. On May 22, 1986, the trial judge entered an order striking paragraph 8(c) of plaintiff's amended complaint, which alleged that defendant was negligent in failing to provide personnel in the washroom to protect patrons from the dangerous condition existing within.

Defendant's motion as to the remainder of plaintiff's complaint was denied. The parties proceeded with discovery, and defendant subsequently filed a motion for summary judgment pursuant to section 2—1005 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005). On July 8, 1987, the trial court granted partial summary judgment with respect to paragraph 8(a) of plaintiff's amended complaint, which alleged that defendant was negligent in failing to provide handrails for the stairway pursuant to the Chicago Municipal Code. Summary judgment as to the remaining allegations was denied. Defendant then filed a second motion for summary judgment. On August 1, 1989, the trial court granted defendant's motion as to paragraphs 8(b) and (d) of plaintiff's amended complaint, which alleged that defendant was negligent in failing to provide paint on the stairs which would distinguish them from the washroom floor and in failing to provide warning signs regarding the presence of the stairway in the washroom. In the same order, the trial court granted plaintiff leave to file her second amended complaint. The second amended complaint, which was filed that day, again alleged four separate acts of negligence by defendant which were the proximate cause of plaintiff's injuries. However, the only allegation which had not previously been dismissed was defendant's breach of a common law duty to provide handrails for the steps in the washroom. Three days later defendant filed a motion to dismiss plaintiff's second amended complaint alleging that plaintiff failed to state a cause of action recognized under Illinois law. The trial court granted defendant's motion and dismissed plaintiff's second amended complaint. Plaintiff then filed a timely notice of appeal.

Plaintiff contends that the trial court erred in dismissing her second amended complaint because the allegations stated a cause of action which could support a verdict in her favor. In her original complaint, plaintiff alleged four separate acts of negligence by defendant which were the proximate cause of plaintiff's injuries. However, the only allegation which remained at the time of plaintiff's second amended complaint was the one which claimed that defendant:

"a. Carelessly and negligently failed to provide handrails for the stairway located in said washroom."

■ Where a judgment appealed from is entered as a result of the allowance of a motion to dismiss, all properly pleaded facts must be taken as true. (*Ogle v. Fuiten* (1984), 102 Ill. 2d 356, 360, 446 N.E.2d 224.) In addition, all reasonable inferences that can fairly be drawn from the well-pleaded facts must also be considered true. (*Duncan v. Rzonca* (1985), 133 Ill. App. 3d 184, 190, 478 N.E.2d 603.) The court,

however, is not required to draw unwarranted or unreasonable inferences in order to sustain a pleading. (*Carlson v. Moline Board of Education, School District No. 40* (1984), 124 Ill. App. 3d 967, 970, 464 N.E.2d 1239.) Furthermore, a court will also consider matters of which it may take judicial notice, judicial admissions in the record, bills of particulars and exhibits which are attached to the pleadings. (R. Michael, Illinois Practice §27.4, at 504-05, §27.6, at 516 (1989), citing *City of Champaign v. Roseman* (1958), 15 Ill. 2d 363, 365, 155 N.E.2d 34; *Weimann v. County of Kane* (1986), 150 Ill. App. 3d 962, 968, 502 N.E.2d 373; *Island Lake Water Co. v. La Salle Development Corp.* (1986), 143 Ill. App. 3d 310, 320, 493 N.E.2d 44. See also *Business Development Services, Inc. v. Field Container Corp.* (1981), 96 Ill. App. 3d 834, 836, 442 N.E.2d 86.) While well-pleaded facts are taken as true, conclusory allegations of law or fact are not so taken, and if, after deleting such, there are not sufficient facts alleged to support a claim, the pleading will be stricken. (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 426, 430 N.E.2d 976.) Finally, a "cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle plaintiffs to recover." *Ogle*, 102 Ill. 2d at 360-61; *Evans v. Control Products Corp.* (1979), 73 Ill. App. 3d 681, 684-85, 392 N.E.2d 239.

■■ ■ Plaintiff, in this case, attempts to allege a cause of action for negligence which consists of a duty, a breach of that duty and an injury proximately resulting from the breach. (*Cunis v. Brennan* (1974), 56 Ill. 2d 372, 374, 308 N.E.2d 617; *Lindquist v. Highland Park Hospital Foundation* (1976), 40 Ill. App. 3d 722, 725, 353 N.E.2d 156.) While questions of whether a duty has been breached and whether the breach proximately caused the injury are factual matters (*Zimmermann v. Netemeyer* (1984), 122 Ill. App. 3d 1042, 1045, 462 N.E.2d 502, citing *Curtis v. County of Cook* (1983), 98 Ill. 2d 158, 456 N.E.2d 116), the existence of a duty must be determined by the court as a matter of law. (*Cunis*, 56 Ill. 2d at 374; *Zimmermann*, 122 Ill. App. 3d at 1045.) The *Zimmermann* court stated that: "[T]he most quoted statement concerning the determination of duty found in Illinois cases is from *Lance v. Senior* (1967), 36 Ill. 2d 516, 224 N.E.2d 231. The plaintiff in that case was a nine-year-old boy who suffered from hemophilia. His condition was known to defendants, and the complaint alleged that while he was an overnight guest in defendant's home, the defendants negligently permitted him to play with a needle which got into plaintiff's throat and was thereafter sucked into the inner part of his lung. The supreme court held that the complaint was properly dismissed for its failure to show a duty

owed by the defendants to the plaintiff. The court spoke to the basis of duty in negligence cases as follows:

" 'In many negligence cases no more than foreseeability is involved. And because so many actions grounded upon negligence involve familiar patterns of conduct, it is easy to forget that implicit in an allegation of negligence is the assertion of a failure to comply with the standard of care that the law requires—the assertion of a duty and its breach. [Citations.] ***

After the event, hindsight makes every occurrence foreseeable, but whether the law imposes a duty does not depend upon foreseeability alone. The likelihood of injury, the magnitude of the burden of guarding against it and the consequences of placing that burden upon the defendant, must also be taken into account.' " (*Zimmermann*, 122 Ill. App. 3d at 1046-47, quoting *Lance*, 36 Ill. 2d at 518.)

In the case *sub judice*, the trial court weighed these factors and determined as a matter of law that the complaint did not allege sufficient facts to impose upon defendant a duty to provide a handrail in the women's washroom. We agree.

■■ ■ Pursuant to section 2 of the Premises Liability Act, the duty owed by an owner or occupier of a premises to the entrants is one of "reasonable care under the circumstances regarding the state of the premises or acts done or omitted on them." (Ill. Rev. Stat. 1985, ch. 80, par. 302.) Although the defendant in this case had a duty to exercise reasonable care to the entrants of the washroom, plaintiff has not alleged facts to show that this duty included the duty to provide handrails for the steps at issue. The allegation that a duty exists without facts to support it is not sufficient to sustain a cause of action for negligence. (*Erne v. Peace* (1987), 164 Ill. App. 3d 420, 428, 517 N.E.2d 1203.) We conclude that the statement in the complaint that defendant failed to provide handrails did not, standing alone, support plaintiff's allegation that defendant breached a duty of reasonable care.

Plaintiff cites *Allgauer v. Le Bastille, Inc.* (1981), 101 Ill. App. 3d 978, 428 N.E.2d 1146, and *Halpin v. Pekin Thrifty Drug Co.* (1967), 79 Ill. App. 2d 153, 223 N.E.2d 708, for the proposition that Illinois has recognized a duty to protect stairs with handrails. However, in *Allgauer*, liability was based on the fact that the stairway was steep and narrow, and hidden by a closed door which led directly to the first step of the stairway. In *Halpin*, the finding of liability was based on the fact that the appearance of the area where the stairway was located was deceptive because of the sameness of the floor covering,

442

insufficient lighting and the absence of a guardrail or warning signs. Neither case stands for the limited proposition that there was a common law duty to provide a handrail for the stairway in this case. Therefore, we conclude that plaintiff's second amended complaint failed to state a cause of action recognized by Illinois law and the trial court's dismissal of the complaint was proper.

Accordingly, we affirm the order of the circuit court.

Judgment affirmed.

LaPORTA, P.J., and McNAMARA, J., concur.