RONALD BECK, Indiv. and as Representative of a Class of Similarly Situated Persons, Plaintiff-Appellant, v. BUDGET RENT-A-CAR *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—95—3849

Opinion filed September 5, 1996.

Barry M. Lewis, of Chicago, for appellant.

Tressler, Soderstrom, Maloney & Priess, of Chicago (Shaun McParland Baldwin and Katherine Streicher Arnold, of counsel), for appellees Budget Rent-A-Car System, Inc. and Sears, Roebuck & Co.

Bullaro, Carton & Stone, of Chicago (Charles Lynn Lowder & John J. Meehan, of counsel), for appellee Philadelphia Insurance Co.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiff, Ronald Beck, appeals from an order of the circuit court of Cook County dismissing his six-count amended complaint for failure to state causes of action. For the reasons that follow, we affirm.

The plaintiff filed the instant class action on behalf of himself and other persons who rented motor vehicles from Budget Rent-A-Car (Budget) and Sears, Roebuck & Co. (Sears), paid for supplemental liability insurance on the rented vehicles, were not offered or provided uninsured or underinsured motorist coverage, and were involved in vehicular collisions with uninsured or underinsured motorists while operating the rented vehicles. In his amended complaint, the plaintiff alleged that he rented a vehicle from Budget and Sears under a contract dated October 8, 1993. Pursuant to the terms of that contract and for an additional sum, the plaintiff purchased supplemental liability insurance but was not offered uninsured or underinsured motorist coverage. Thereafter, while operating the rented vehicle on October 11, 1993, the plaintiff was involved in a collision with a vehicle driven by an uninsured or underinsured motorist.

The plaintiff's amended complaint consisted of six counts, each against Budget, Sears and Philadelphia Insurance Company (Philadelphia), the company that issued the supplemental insurance purchased by the plaintiff. The plaintiff predicated his claims for damages, attorney fees, reformation, and injunctive relief upon the defendants' alleged violations of the Illinois Insurance Code (Code) (215 ILCS 5/1 et seq. (West 1992)), violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 et seq. (West 1992)), and certain misrepresentations. Central to each of the counts is the allegation that the defendants failed to offer the plaintiff and others similarly situated uninsured and underinsured motorist coverage as required by section 143a—2 of the Code (215 ILCS 5/143a—2 (West 1992)).

■ Section 143a—2 of the Code states that, unless specifically rejected by the insured, no motor vehicle liability insurance policy is-

sued with respect to any motor vehicle designed for use on public highways and required to be registered in this state shall be issued or delivered unless it provides uninsured motorist coverage in an amount equal to the insured's bodily injury liability limits and underinsured motorist coverage in an amount equal to the uninsured motorist coverage provided in the policy where such uninsured motorist coverage exceeds the limits set forth in section 7—203 of the Illinois Vehicle Code (625 ILCS 5/7—203 (West 1992)). 215 ILCS 5/143a—2 (West 1992). The plaintiff alleged that Budget and Sears neither offered nor provided uninsured or underinsured motorist coverage when they rented vehicles to individuals electing to purchase supplemental liability insurance coverage as part of their vehicle rental agreements and Philadelphia neither offered nor provided such coverage in its supplemental policies.

Budget and Sears moved, pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1994)), to dismiss the plaintiff's amended complaint for failure to state causes of action arguing, *inter alia*: (1) that, as self-insurers, they were under no obligation to offer uninsured or underinsured motorist coverage to renters of their vehicles; and (2) that they did not engage in any deceptive act or practice. Philadelphia also filed a section 2—615 motion to dismiss the plaintiff's amended complaint, contending that the supplemental policy of insurance which it issued was an "excess or umbrella" policy and, therefore, exempt from the provisions of section 143a—2 of the Code. The trial court granted the defendants' motions, dismissed the plaintiff's amended complaint, and this appeal followed.

■ The question presented by a section 2—615 motion to dismiss a complaint for failure to state a cause of action is whether sufficient facts are stated in the complaint which, if established, could entitle the plaintiff to relief. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 639 N.E.2d 1282 (1994). In ruling on such a motion, the court must take all well-pleaded facts in the complaint as true and draw reasonable inferences from those facts that are favorable to the pleader. *Ziemba v. Mierzwa*, 142 Ill. 2d 42, 566 N.E.2d 1365 (1991). However, conclusions of law or fact contained within the challenged pleading will not be taken as true unless supported by specific factual allegations. *Ziemba*, 142 Ill. 2d at 47. A cause of action should not be dismissed on the pleadings unless it is apparent that no set of facts can be proven that would entitle the plaintiff to recover. *Illinois Graphics Co.*, 159 Ill. 2d at 488.

Since the question of whether a complaint states a cause of action is one of law, our review of a trial court's order dismissing a

complaint pursuant to a section 2—615 motion is *de novo. T&S Signs, Inc. v. Village of Wadsworth,* 261 Ill. App. 3d 1080, 634 N.E.2d 306 (1994).

■ In his amended complaint, the plaintiff alleged that the vehicle that he rented from Budget and Sears was covered by a certificate of self-insurance. In *Hill v. Catholic Charities,* 118 Ill. App. 3d 488, 455 N.E.2d 183 (1983), this court held that the plain and unambiguous language of the Code requiring uninsured motorist coverage in a "policy" of motor vehicle liability insurance has no application to self-insurers as they issue no such policy. See also *Robinson v. Hertz Corp.,* 140 Ill. App. 3d 687, 489 N.E.2d 332 (1986). The reasoning in both *Hill* and *Robinson* is sound and in accordance with the plain language of section 143a—2 of the Code. Moreover, since section 143a—2 uses essentially the same phraseology in reference to underinsured motorist coverage, we see no reason why the holdings of *Hill* and *Robinson* should not be extended to negate any obligation on the part of a self-insurer to offer or provide underinsured motorist coverage as well.

Holding, as we do, that Budget and Sears, as self-insurers, were under no obligation to initially offer or provide the plaintiff with uninsured or underinsured motorist coverage, we must now determine whether the plaintiff's purchase of supplemental liability insurance as part of his rental contract imposed such an obligation upon Budget and Sears, or upon Philadelphia, the company that issued the policy providing the supplemental coverage.

The vehicle rental agreement attached to the plaintiff's amended complaint states that if supplemental liability insurance was offered by Budget and Sears and accepted by the plaintiff, a higher limit of liability insurance would be provided. However, nothing in the plaintiff's amended complaint or the vehicle rental agreement suggests that either Budget or Sears contracted to issue any policy of insurance. In fact, the amended complaint alleges that the certificate of self-insurance covering the vehicle was not modified or amended in any way in consequence of the premium which the plaintiff paid for supplemental liability insurance; instead, a portion of the premium was tendered to Philadelphia. Absent some allegation that Budget or Sears issued, or bound themselves to issue, a policy of motor vehicle liability insurance, section 143a—2 of the Code has no application to them. *Hill,* 118 Ill. App. 3d 489-92.

Our resolution of the issue of whether Philadelphia was obligated to offer uninsured or underinsured motorist coverage to the plaintiff turns on the question of whether the policy that it issued provided "excess" or "umbrella" coverage. Section 143a—2(5) of the Code

states that "[i]nsurers providing liability coverage on an excess or umbrella basis are neither required to provide, nor are they prohibited from offering or making available *** [uninsured or underinsured motorist coverage] on a supplemental basis." 215 ILCS 5/143a—2(5) (West 1992). See *Cincinnati Insurance Co. v. Miller*, 190 Ill. App. 3d 240, 546 N.E.2d 700 (1989). Excess or umbrella policies, by their very nature, provide liability coverage to protect an insured from judgments in an amount greater than that provided by the insured's primary coverage. Before excess or umbrella coverage is issued, primary coverage must be in existence. *Hartbarger v. Country Mutual Insurance Co.*, 107 Ill. App. 3d 391, 437 N.E.2d 691 (1982).

Unfortunately, the supplemental policy issued by Philadelphia in this case was not attached to the plaintiff's amended complaint, and we are not advised as to its terms. The plaintiff's motor vehicle rental agreement states that Budget and Sears would provide him with certain specified liability coverage, which, as plaintiff alleged, was provided by means of a certificate of self-insurance. The rental agreement goes on to state that if supplemental liability insurance is offered and accepted, a higher limit of liability insurance would be provided. However, as stated earlier, the plaintiff alleged that the certificate of self-insurance covering his rental vehicle was not modified or amended in consequence of the premium he paid for supplemental liability insurance. The facts of this case, as alleged in the plaintiff's amended complaint, admit of only one reasonable conclusion; namely, that the certificate of self-insurance covering the vehicle rented by the plaintiff provided primary liability coverage, and the supplemental liability insurance purchased by the plaintiff and provided by Philadelphia was in the nature of excess or umbrella coverage. We hold, therefore, that pursuant to the provisions of section 143a—2(5) and in the absence of any contractual undertaking to the contrary, Philadelphia was not obligated to offer or provide the plaintiff with uninsured or underinsured motorist coverage.

Lastly, the plaintiff alleged that the terms of the motor vehicle rental agreement were "confusing and misleading" as they relate to uninsured and underinsured motorist coverage. We disagree. The section of that agreement which provides for both primary liability coverage and the supplemental liability insurance specifically states:

"A. All coverages automatically conform to the basic requirements of any 'No Fault' law which may be applicable. RENTER WAIVES UNINSURED AND UNDERINSURED MOTORIST, SUPPLEMENTAL NO FAULT AND OTHER OPTIONAL COVERAGES. If any coverages herein cannot be excluded or waived, Renter agrees that such coverages shall be automatically reduced

to the minimum requirements of the applicable financial responsibility law and that such coverages shall be excess to any other applicable insurance."

This paragraph clearly and conspicuously states that uninsured and underinsured motorist coverages were being waived. There is nothing misleading or confusing about the plain language of the contract on this subject. See *Robinson*, 140 Ill. App. 3d at 687-88.

Finding, as we have, that (1) Budget, Sears and Philadelphia were not obligated to offer uninsured or underinsured motorist coverage to the plaintiff under the facts as alleged in the plaintiff's amended complaint, and (2) the information in the vehicle rental agreement relating to the type of insurance coverage being provided was not confusing or misleading, we affirm the trial court's dismissal of this action for failure to state causes of action.

Affirmed.

THEIS and O'BRIEN, JJ., concur.