DOUGLAS THEATER CORPORATION, Plaintiff-Appellant, v. CHICAGO TITLE AND TRUST COMPANY, as Trustee, *et al.*, Defendants-Appellees.[1]

First District (5th Division)   No. 1—96—0458

Opinion filed May 9, 1997.—Rehearing denied June 25, 1997.

---

[1]Defendant Harold Binstein is now deceased. The circuit court substituted the co-executors of his estate, Howard Wolfe and Janice Binstein, as defendants.

John A. Cook and Mercedes Matias, both of John August Cook, P.C., of Chicago, for appellant.

Paul K. Vickrey and Patrick F. Solon, both of Niro, Scavone, Haller & Niro, of Chicago, for appellees.

JUSTICE HOURIHANE delivered the opinion of the court:

Plaintiff, Douglas Theater Corporation (Douglas Theater), appeals from the order of the circuit court dismissing with prejudice its complaint for tortious interference with contract and tortious interference with prospective economic advantage. For the reasons that follow, we affirm the judgment of the circuit court.

## BACKGROUND

This is the third time this case has visited this court. See *Douglas Theater Corp. v. Chicago Title & Trust Co.*, 210 Ill. App. 3d 301, 569 N.E.2d 88 (1991) (hereafter *Douglas Theater I*); *Douglas Theater Corp. v. Chicago Title & Trust Co.*, 266 Ill. App. 3d 1037, 641 N.E.2d 584 (1994) (hereafter *Douglas Theater II*). The dispute involves real property located at Wellington Avenue and Clark Street in Chicago. Title to the property was previously held by American National Bank

(ANB), as trustee. In 1978, ANB leased a portion of the property to defendant Gold Standard Enterprises, Inc. (Gold Standard), a company owned by defendant Harold Binstein (Binstein). In 1982, ANB leased the adjoining portion of the property to Douglas Theater. Douglas Theater's lease included a purchase option as to certain of the property.

In 1983, Binstein acquired the entire property and placed title in defendant Chicago Title & Trust Company (Chicago Title), as trustee, with Binstein as the sole trust beneficiary. Binstein's purchase was subject to the Douglas Theater and Gold Standard leases, which ANB assigned to Chicago Title.

In 1986, Douglas Theater exercised its purchase option. A dispute subsequently arose as to whether Douglas Theater's option included the theater basement and a vacated alley and resulted in Douglas Theater initiating the instant litigation. The trial court entered judgment for plaintiff as to its claim for specific performance, ordering Binstein and Chicago Title to convey the disputed property, and reserved judgment on the issue of equitable compensation, pending the outcome of the appeals. In *Douglas Theater I* we affirmed the decision of the circuit court.

Upon consideration of Douglas Theater's claim for equitable compensation, the circuit court entered judgment in favor of Douglas Theater and against Binstein in the approximate amount of $23,000 for lost rental income. With the exception of plaintiff's claim for tortious interference with economic advantage, all of plaintiff's other claims for damages were dismissed with prejudice. As to plaintiff's tortious interference claim, the court dismissed this cause of action without prejudice with leave to replead in the law division. In *Douglas Theater II* we affirmed this decision of the circuit court.

Douglas Theater thereafter filed its amended complaint at law, seeking damages for tortious interference with prospective economic advantage and tortious interference with contract. Defendants moved to dismiss pursuant to sections 2—615 and 2—619 of the Code of Civil Procedure (Code) (735 ILCS 5/2—615, 5/2—619 (West 1994)), asserting that the amended complaint fails to state a cause of action under either theory, that a new claim for tortious interference with contract was added without leave of court, and that plaintiff's claims are barred by the applicable statute of limitations and the circuit court's prior order of dismissal. The circuit court granted defendants' motion to dismiss with prejudice and subsequently denied Douglas Theater's motion to reconsider and for leave to file a first amendment to amended complaint at law. This appeal followed. 155 Ill. 2d R. 303.

## ANALYSIS

■ The circuit court's order of dismissal states only that plaintiff's amended complaint is dismissed "[f]or the reasons stated by defendants in movants' motion papers." We note also that the proceedings were not transcribed. Where the trial court does not specify the grounds on which it relied in granting a motion to dismiss, this court will presume it was upon one of the grounds properly presented. *Zielinski v. Chris W. Knapp & Son, Inc.*, 277 Ill. App. 3d 735, 739, 660 N.E.2d 1289 (1995). This court may also affirm the decision of the trial court on any basis called for by the record. *Esposito v. Dior Builders*, 274 Ill. App. 3d 338, 345, 653 N.E.2d 921 (1995). Thus, we first consider defendant's arguments under section 2—615 of the Code.

■ Dismissal of a cause of action pursuant to section 2—615 is appropriate only where it clearly appears that no set of facts can be proved under the pleadings that will entitle plaintiff to recovery. *Heritage Pullman Bank & Trust Co. v. Carr*, 283 Ill. App. 3d 472, 476, 627 N.E.2d 160 (1996). In ruling on such a motion, the court must take as true all well-pled facts of the complaint and draw all reasonable inferences therefrom in favor of plaintiff. *Beck v. Budget Rent-A-Car*, 283 Ill. App. 3d 541, 543, 669 N.E.2d 1335 (1996). Because the question of whether a complaint states a valid cause of action is a question of law, review of a dismissal pursuant to a section 2—615 motion is *de novo. Beck*, 283 Ill. App. 3d at 543-44.

Plaintiff asserts that its amended complaint at law adequately sets forth the following causes of action: tortious interference with contract against defendant Binstein (count I); tortious interference with contract against defendant Gold Standard on a *respondeat superior* basis (count II); and tortious interference with prospective economic advantage against defendants Binstein and Chicago Title (count III).

■ To succeed on a claim for tortious interference with contractual rights, plaintiff must plead and prove the following elements: the existence of a valid and enforceable contract between the plaintiff and another; the defendant's awareness of this contractual relation; the defendant's intentional and unjustified inducement of a breach of the contract; a subsequent breach by the other, caused by the defendant's wrongful conduct; and damages. *HPI Health Care Services, Inc. v. Mt. Vernon Hospital, Inc.*, 131 Ill. 2d 145, 154-55, 545 N.E.2d 672 (1989).

Plaintiff argues on appeal that count I of the amended complaint adequately states such a cause of action in that plaintiff alleges, *inter alia*, that Binstein, as sole beneficiary of the trust, instructed Chicago Title to refuse to convey the entirety of the option property, thereby

placing ANB in breach of its contractual lease obligations to Douglas Theater.

■ Defendants respond that count I is insufficient in that Binstein, who was a party to the lease, could not have tortiously interfered with his own contract; that plaintiff has failed to allege any actions by Binstein directed toward a third party, a necessary element in an action for tortious interference; and that plaintiff's claim is really one for contract damages which has been fully litigated pursuant to plaintiff's claim for specific performance. We agree.

It is settled law that a party cannot tortiously interfere with his own contract; the tortfeasor must be a third party to the contractual relationship. *Quist v. Board of Trustees*, 258 Ill. App. 3d 814, 821, 629 N.E.2d 807 (1994); *IK Corp. v. One Financial Place Partnership*, 200 Ill. App. 3d 802, 819, 558 N.E.2d 161 (1990). Accordingly, Binstein cannot be liable for tortious interference with the Douglas Theater lease if he was a party thereto.

Preliminarily, we observe that the same lease with which plaintiff now claims Binstein tortiously interfered is the same lease involved in plaintiff's successful claim for specific performance in *Douglas Theater I*. Significantly, plaintiff's claim for specific performance against Binstein implicitly recognized that Binstein became a party to the lease when he took the property subject to Douglas Theater's rights. Binstein was, in fact, the only party (along with Chicago Title, as trustee) to whom plaintiff could look for performance of the lease obligations. Thus, because Binstein was a party to the Douglas Theater lease, no claim against Binstein for tortious interference with that contract will lie.

Relying on *Blivas & Page, Inc. v. Klein*, 5 Ill. App. 3d 280, 282 N.E.2d 210 (1972), and *Regan v. Garfield Ridge Trust & Savings Bank*, 220 Ill. App. 3d 1078, 581 N.E.2d 759 (1991), both second district cases, plaintiff contends that because Binstein was not an "original" party to the Douglas Theater lease, he may be held liable for tortious interference with that contract. In *Blivas & Page*, defendant Klein orally agreed with plaintiffs to hire their architectural firm if Klein was named sponsor of a building project. The project was ultimately approved with defendants Klein and Kay as sponsors, but Klein rejected plaintiffs as architects. A jury entered a verdict against defendants for breach of the oral agreement by Klein, wrongful inducement of that breach by Kay, and conspiracy between Kay and Klein to accomplish those aims.

On appeal, Kay argued that when he became Klein's partner, he became a party to the contract with plaintiffs and could not commit the tort of inducing the breach thereof. This argument was rejected

because Kay was not an original party to the contract between Klein and the architects. However, as the *Blivas & Page* opinion also notes, Kay's argument lacked merit for the further reason that Kay admitted in his answer to the complaint that he had no interest in the contract. Thus, the court was not convinced that a third party may, with impunity, become a partner with a party to a contract and then induce the party to break the contract. Plainly, *Blivas & Page* does not address the situation present here.

In the more than 20 years since *Blivas & Page* was decided, only the *Regan* case has recognized the distinction, briefly set forth in *Blivas & Page*, between an "original" and a "subsequent" party to a contract as a basis for determining whether a cause of action for tortious interference with contract will lie. In *Regan*, a jury found defendant liable for tortious interference with a real estate contract between plaintiff developers and a land trust that held title to the property. Defendant had extensive contact with plaintiff, purportedly acting on behalf of the land trust beneficiaries, defendant's children. Defendant eventually secured assignments of his children's beneficial interest in the trust and immediately repudiated the real estate contract. On appeal, the trial court's finding of tortious interference was affirmed.

The *Regan* decision notes that, under ordinary circumstances, *Blivas & Page* should not be applied to subject an assignee of a contract to tort liability for a subsequent breach. However, the *Regan* court went on to carve out an exception to this general rule where the third party procures the assignment with the express purpose of causing the breach. Since the defendant repudiated the contract almost immediately after taking assignment, the court concluded that tort liability was appropriate.

We agree with the *Regan* decision to the extent that the assignee of a contract should not be subjected to tort liability for a subsequent breach of the assigned contract. However, we are reluctant to recognize any exception to this rule, even where the assignment is procured for the express purpose of breaching the contract. Such exception is inconsistent with the law governing tortious interference with contract claims, which requires that the tortfeasor be a third party to the contractual relationship. *Quist*, 258 Ill. App. 3d at 821; *IK Corp.*, 200 Ill. App. 3d at 818-19. Accordingly, we decline to adopt the rationale set out in the *Regan* decision.

Even if *Regan* represents a correct statement of the law, its narrowly drawn exception to the rule that a party cannot interfere with its own contract is not applicable to the facts alleged here. Plaintiff has alleged, and it is undisputed, that Binstein acquired the property

in 1983. It was not until three years later that a dispute arose concerning the option property. Further, there is no allegation that Binstein repudiated the agreement. Rather, Binstein caused all but the disputed basement and alley to be conveyed to plaintiff. Thus, plaintiff's claim against Binstein does not fit within the narrow framework of the *Regan* decision.

We also decline plaintiff's invitation to apply, by analogy, the rule cited in *Swager v. Couri*, 77 Ill. 2d 173, 190, 395 N.E.2d 921 (1979), that a corporate officer's inducement of his corporation's breach of contract may be tortious where the officer acted with malice. We believe the relationship between a corporation and its officers is sufficiently dissimilar from the relationship between a land trust and its sole beneficiary to persuade us that no extension of the rule to cover the facts alleged here is warranted.

Plaintiff's claim for tortious interference with contract cannot be maintained for the further reason that it relies upon the allegation that ANB was placed in breach of its obligations under the Douglas Theater lease by virtue of Binstein's conduct. Only well-pled allegations of the complaint must be taken as true, and this court need not draw unwarranted or unreasonable inferences in order to sustain a pleading. *Fahey v. State & Madison Property Ass'n*, 200 Ill. App. 3d 437, 440, 558 N.E.2d 192 (1990). Plaintiff alleged that upon Binstein's acquisition of the property, title was placed in Chicago Title, as trustee, and ANB assigned the lease to Chicago Title. Thus, ANB was not in a position to perform under the lease option and could not breach the agreement nor, as plaintiff states, could ANB be "placed in breach."

Significantly, the lease upon which plaintiff relied in its earlier successful action for specific performance provides that upon transfer of title, ANB or any subsequent grantor "shall be automatically freed and relieved *** of all liability as respects the performance of any covenants or obligations on the part of Lessor contained in this Lease thereafter to be performed." Accordingly, plaintiff's allegation that ANB was in breach is belied by the very document on which plaintiff's claims are based.

Even assuming, *arguendo*, that plaintiff could plead facts that adequately set forth a cause of action for tortious interference with contract based on Binstein's breach of the lease, plaintiff has already elected its remedy of specific performance. Election of one remedy constitutes abandonment of the other. *SJS Investments, Ltd. v. 450 East Partnership*, 232 Ill. App. 3d 429, 432, 597 N.E.2d 1213 (1992). While a plaintiff may pursue a remedy at law for damages and alternatively seek specific performance of the contract, plaintiff can-

not have it both ways. Plaintiff cannot affirm the contract, obtain specific performance and, in essence, erase the breach, yet also seek damages at law for breach of contract. Such damages are inconsistent with the retrospective erasure of the breach. *Arnold v. Leahy Home Building Co.*, 95 Ill. App. 3d 501, 509, 420 N.E.2d 699 (1981), quoting 71 Am. Jur. 2d *Specific Performance* § 217, at 279 (1973). See also *SJS Investments, Ltd.*, 232 Ill. App. 3d 429, 597 N.E.2d 1213 (remedy based on affirmance of real estate contract is inconsistent with remedy arising from the same facts and based on disaffirmance of contract); *Cala v. Gerami*, 137 Ill. App. 3d 936, 484 N.E.2d 1199 (1985) (vendor may not pursue inconsistent remedies by declaring contract forfeiture and then suing on the contract); *Bruno Benedetti & Sons, Inc. v. O'Malley*, 124 Ill. App. 3d 500, 464 N.E.2d 292 (1984) (vendor's declaration of forfeiture under the contract barred vendor's action for contract damages).

Plaintiff's tortious interference with contract claim is predicated on the same breach of contract giving rise to plaintiff's claim for specific performance. The circuit court's grant of specific performance and its subsequent award of equitable compensation incidental thereto have both been affirmed by this court, in *Douglas Theater I* and *II*. Any further award of damages at law to plaintiff based on Binstein's breach of the lease would constitute a double recovery. See *SJS Investments, Ltd.*, 232 Ill. App. 3d 429, 597 N.E.2d 1213 (plaintiff who elected return of earnest money under real estate contract could not also obtain specific performance because it would have constituted double recovery); *Rotogravure Service, Inc. v. R.W. Borrowdale Co.*, 77 Ill. App. 3d 518, 395 N.E.2d 1143 (1979) (where specific performance was previously found unenforceable, there was no threat of double recovery by virtue of plaintiff's claim for legal damages).

Because plaintiff cannot maintain a claim for tortious interference with contract against Binstein, plaintiff's claim in count II against Gold Standard for the same tort on a *respondeat superior* theory necessarily fails. *Kirk v. Michael Reese Hospital & Medical Center*, 117 Ill. 2d 507, 532-33, 513 N.E.2d 387 (1987).

■ As to count III, plaintiff relies on the same conduct— defendants' failure to convey the option property—to support its claim for tortious interference with prospective economic advantage. The elements of this tort are:

"(1) a reasonable expectation of entering into a valid business relationship; (2) defendant's knowledge of the plaintiff's expectancy; (3) defendant's purposeful interference to defeat the expectancy; and (4) damages." *Douglas Theater II*, 266 Ill. App. 3d at 1047.

In addition, defendant's interference must be directed toward a third

party. *Douglas Theater II*, 266 Ill. App. 3d at 1047; *IK Corp.*, 200 Ill. App. 3d at 819.

■ Plaintiff has failed to allege any conduct by Binstein and Chicago Title directed at third parties. Significantly, this was the very basis on which this court, in *Douglas Theater II*, affirmed dismissal of plaintiff's prior claim for tortious interference with economic advantage:

> "Without considering whether the plaintiff has sufficiently pleaded the other elements, it is obvious that the plaintiff has failed to allege specific actions by the defendants directed at third parties. *** [P]laintiff's allegations *** amount to broad, conclusory allegations against the defendants." *Douglas Theater II*, 266 Ill. App. 3d at 1047.

Plaintiff nonetheless asserts that where a defendant breaches a contract with a plaintiff and prevents that plaintiff from proceeding with another contract with a third person, a claim for tortious interference with contract will lie. Plaintiff cites to *Scholwin v. Johnson*, 147 Ill. App. 3d 598, 498 N.E.2d 249 (1986), *Miller v. St. Charles Condominium Ass'n*, 141 Ill. App. 3d 834, 491 N.E.2d 125 (1986), and various federal cases as support for this theory.

*Scholwin* and *Miller* both involve claims for tortious interference with contract, not prospective economic advantage. Of the federal case law cited by plaintiff, only *North Broadway Motors, Inc. v. Fiat Motors of North America, Inc.*, 622 F. Supp. 466 (N.D. Ill. 1984), involves a claim for tortious interference with prospective economic advantage. A review of this case does not persuade us that the rule set forth in *Douglas Theater II* should be relaxed or abandoned. We agree with defendants that the requirement of action toward third parties prevents every breach of contract from becoming a tort claim for expectancies lost as a result of the breach. Thus, we decline to consider an expansion of this tort to cover the situation present here.

Plaintiff's claim, in any event, fails under the election of remedies doctrine previously discussed. Plaintiff's claim for tortious interference with prospective economic advantage is based on the same conduct as its claim for specific performance—Binstein's breach of the lease through his failure to convey the option property. As already stated, such damages are inconsistent with the retrospective erasure of the breach. See *Arnold v. Leahy Home Building Co.*, 95 Ill. App. 3d at 509.

■ Finally, we have reviewed the allegations of plaintiff's proposed first amendment to amended complaint at law and conclude that such amendment would have been subject to dismissal on the same bases discussed above. Accordingly, the circuit court committed

no error by refusing to permit further amendment of the complaint. *Douglas Theater II*, 226 Ill. App. 3d at 1045.

For the foregoing reasons, the decision of the circuit court dismissing plaintiff's complaint with prejudice is affirmed.

Affirmed.

HARTMAN, P.J., and HOFFMAN, J., concur.