796 N.E.2d 1083 (2003)
343 Ill. App.3d 128
277 Ill.Dec. 717
Robert J. TALERICO and Michael A. Martin, Plaintiffs-Appellants,
v.
Rudolph OLIVARRI and Luz Stella Olivarri, Defendants-Appellees.
No. 1-02-2961.
Appellate Court of Illinois, First District, Sixth Division.
August 29, 2003.
*1084 Roderick J. Bergin, Chicago (Roderick J. Bergin, of counsel), for Appellant.
William P. Danna, Western Springs (William P. Danna, of counsel), for Appellee.
Presiding Justice SHEILA M. O'BRIEN delivered the opinion of the court:
Plaintiffs, Robert J. Talerico and Michael A. Martin, contracted to purchase certain real estate from defendants, Rudolph and Luz Stella Olivarri. Defendants breached the contract, and plaintiffs filed a two-count complaint for declaratory judgment and specific performance. The court granted plaintiffs specific performance and dismissed the declaratory judgment count. Thereafter, plaintiffs filed a first amended complaint seeking damages from defendants for their delay in the performance of the contract. The trial court dismissed (735 ILCS 5/2-619 (West 2002)) plaintiff's complaint for damages, finding that such damages were not reasonably foreseeable and were inconsistent with the grant of specific performance. Plaintiffs appeal. We reverse and remand for further proceedings.
Plaintiffs owned and operated a bakery at 7652 West 63rd Street. Defendants owned a building immediately west and adjacent to plaintiffs' property. In July 2000, the parties entered into a real estate contract pursuant to which defendants agreed to sell their building to plaintiffs for $118,000.
Defendants requested and plaintiffs agreed to continue the closing date from July 29, 2000, to August 27, 2000. Defendants breached the contract by failing to convey the property on August 27, 2000.
On September 20, 2000, plaintiffs filed a two-count complaint against defendants. Count I requested the court to declare the contract to be in full force and effect and binding on all parties and to enter an order granting plaintiffs reasonable attorney fees, costs, and other appropriate relief. Count II requested the court to direct the defendants to specifically perform and fulfill the terms of the contract, to enjoin the defendants from conveying any interest in the property to any person other than the plaintiffs, and to award plaintiffs their reasonable attorney fees, costs, and other appropriate relief.
On December 6, 2001, defendants filed a motion to voluntarily tender specific performance on count II of the complaint. On December 27, 2001, the court entered an order granting specific performance on count II and dismissing count I. The parties closed on the sale of the property on February 15, 2002.
Plaintiffs subsequently filed a first amended complaint seeking damages from defendants for their delay in the performance of the contract. Specifically, plaintiffs *1085 sought reimbursement for rents and related expenses they paid on other property during the time the contract was to be performed. Plaintiffs also sought damages for the loss of certain tax benefits caused by defendants' delay in closing.
The trial court dismissed plaintiffs' first amended complaint for damages pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2002)), finding that such damages were inconsistent with the grant of specific performance and were not reasonably foreseeable. Plaintiffs filed this timely appeal.
A section 2-619 motion to dismiss admits the legal sufficiency of a plaintiff's complaint while raising a defect, defense or other affirmative matter that appears on the face of the complaint or is established by external submissions and defeats the plaintiff's claim. 735 ILCS 5/2-619 (West 2002); Joseph v. Chicago Transit Authority, 306 Ill.App.3d 927, 930, 240 Ill. Dec. 46, 715 N.E.2d 733, (1999). An appeal from a section 2-619 motion raises a question of law, which is reviewed de novo. Joseph, 306 Ill.App.3d at 930, 240 Ill.Dec. 46, 715 N.E.2d 733.
First, plaintiffs argue that the trial court erred by finding that their complaint for damages was inconsistent with the grant of specific performance. The trial court primarily relied on Arnold v. Leahy Home Building Co., 95 Ill.App.3d 501, 51 Ill.Dec. 285, 420 N.E.2d 699 (1981), and Douglas Theater Corp. v. Chicago Title & Trust Co., 288 Ill.App.3d 880, 224 Ill.Dec. 249, 681 N.E.2d 564 (1997). In Arnold, the plaintiffs brought a breach of contract action against the defendant for its failure to timely convey certain property to plaintiffs. Arnold, 95 Ill.App.3d at 503-04, 51 Ill.Dec. 285, 420 N.E.2d 699. In count II of their complaint, plaintiffs sought specific performance and damages for the delay, including incidental and consequential damages for storage, extra housing, additional costs of mortgage financing and commuting expenses. Arnold, 95 Ill. App.3d at 509, 51 Ill.Dec. 285, 420 N.E.2d 699. The trial court dismissed count II and the plaintiffs appealed. Arnold, 95 Ill.App.3d at 503, 51 Ill.Dec. 285, 420 N.E.2d 699.
Citing 71 Am.Jur.2d Specific Performance § 217, at 279 (1973), the appellate court held that once a plaintiff affirms the contract and obtains specific performance, essentially erasing the breach, he cannot also seek damages at law for breach of contract as such damages are inconsistent with the erasure of the breach. Arnold, 95 Ill.App.3d at 509, 51 Ill.Dec. 285, 420 N.E.2d 699. The appellate court then held that even if plaintiff's claim was for damages "incident to a decree for specific performance [and] not for breach of contract" (Arnold, 95 Ill.App.3d at 509, 51 Ill.Dec. 285, 420 N.E.2d 699), such damages were still not allowable:
"We do not find any Illinois authority for the proposition that damages for storage, extra housing, additional costs of mortgage financing and commuting expenses are recoverable as incidental to a specific-performance suit. * * * [Further,] rent paid by a party seeking specific performance, for other premises, after the other party should have conveyed may not be the basis for recovery * * *." Arnold, 95 Ill.App.3d at 509-10, 51 Ill.Dec. 285, 420 N.E.2d 699.
Accordingly, the appellate court held that plaintiffs' claim for damages should have been stricken. Arnold, 95 Ill.App.3d at 510, 51 Ill.Dec. 285, 420 N.E.2d 699.
In Douglas Theater, the plaintiff filed an action for specific performance of a real estate transaction. The trial court granted plaintiff specific performance. Douglas Theater, 288 Ill.App.3d at 882, 224 Ill.Dec. 249, 681 N.E.2d 564. Plaintiff thereafter *1086 brought an amended complaint seeking damages for tortious interference with prospective economic advantage and tortious interference with contract. Douglas Theater, 288 Ill.App.3d at 882, 224 Ill.Dec. 249, 681 N.E.2d 564. The trial court dismissed plaintiff's amended complaint. Douglas Theater, 288 Ill.App.3d at 882, 224 Ill.Dec. 249, 681 N.E.2d 564.
The appellate court affirmed. The court noted that plaintiff's claims for tortious interference with prospective economic advantage and tortious interference with contract were predicated on the same breach of contract giving rise to plaintiff's claim for specific performance. Douglas Theater, 288 Ill.App.3d at 887-88, 224 Ill.Dec. 249, 681 N.E.2d 564. Citing Arnold, the court held that plaintiff had erased the breach by obtaining specific performance, and therefore plaintiff's claims for damages were inconsistent with the erasure of the breach. Douglas Theater, 288 Ill. App.3d at 886-88, 224 Ill.Dec. 249, 681 N.E.2d 564.
In the present case, the trial court entered an order on December 27, 2001, granting specific performance, and the parties closed on the sale of the property on February 15, 2002. Thus, the breach had been erased as of February 15, 2002, and any claim for damages subsequent thereto would be inconsistent with the erasure of the breach. Plaintiffs, however, do not seek damages subsequent to the erasure of the breach on February 15, 2002. Rather, plaintiffs seek damages for the delay between August 27, 2000, the date when the transaction was scheduled to close, and February 15, 2002, when the sale actually closed and the breach was erased. Such damages are not inconsistent with the erasure of the breach. See Rotogravure Service, Inc. v. R.W. Borrowdale Co., 77 Ill.App.3d 518, 527, 32 Ill.Dec. 762, 395 N.E.2d 1143 (1979)("[T]he trial court hearing [equitable] matters has full jurisdiction to award such legal damages as have resulted from delay in the performance of the contract in addition to decreeing specific performance"). See also Restatement (Second) of Contracts § 358, Comment c, at 167 (1981)("In addition to any equitable relief granted, a court may also award damages or other relief. Since an order seldom results in performance within the time the contract requires, damages for the delay will usually be appropriate"). We respectfully disagree with Arnold and Douglas Theater to the extent that they hold otherwise.
Next, plaintiffs argue that the trial court erred in finding that their damages were not reasonably foreseeable. Damages are not recoverable for loss that the breaching party did not have reason to foresee as a probable result of the breach when the contract was made. Restatement (Second) of Contracts § 351, at 135 (1981).
Plaintiffs seek damages for rents they paid on other property during the time the contract was to be performed and for related expenses, including the $4,500 per month more in costs of operation than if the property had closed as originally scheduled.
Plaintiffs also seek damages for the loss of tax benefits of an exchange of real estate under section 1031 of the Internal Revenue Code. (I.R.C. § 1031 (1989)). Specifically, plaintiffs pleaded in their first amended complaint that under section 1031, the purchase of the defendants' property (the "exchange property") by December 2000 would have allowed plaintiffs to defer the capital gain on another parcel of real estate that they had recently sold. Plaintiffs pleaded that they each paid an additional $4,000 in income taxes as a result of defendants' delay in closing until February 2002.
*1087 A jury could find it reasonably foreseeable that the defendants' breach would cause plaintiffs to rent other commercial property to operate their business therein. A jury could also find it reasonably foreseeable that defendants' breach of the sale of commercial property would cause plaintiffs to suffer adverse tax consequences. Accordingly, we reverse and remand for further proceedings on plaintiffs' claim for damages for the rents paid on other property and for related expenses and for the loss of tax benefits.
Finally, defendants argue that the contract is unenforceable as it violates the statute of frauds. To satisfy the statute of frauds, a contract must contain on its face "`the names of the vendor and the vendee, a description of the property sufficiently definite to identify the same as the subject matter of the contract, the price, terms and conditions of the sale, and the signature of the party to be charged.'" Crawley v. Hathaway, 309 Ill.App.3d 486, 489, 242 Ill.Dec. 677, 721 N.E.2d 1208 (1999), quoting Callaghan v. Miller, 17 Ill.2d 595, 599, 162 N.E.2d 422 (1959). Our review of the contract indicates that it meets all the requirements of the statute of frauds.
For the foregoing reasons, we reverse and remand for further proceedings.
Reversed and remanded.
TULLY and GALLAGHER, JJ.'s, concur.